12 U.S. 30
 8 Cranch 30
 3 L.Ed. 478
 VAN NESS
v.
FORREST.
 Feb. 8, 1814
 Absent. WASHINGTON, J.
 
 1
 ERROR to the Circuit Court for the district of Columbia.
 
 
 2
 The case as stated by MARSHALL, Ch. J. in delivering the opinion of the Court was as follows:The Defendant in error, who was president of a commercial company, consisting of four or five hundred members, sold certain merchandize, the property of the company, to Jehiel Crossfield, and took his note payable in twenty days to Joseph Forrest, president of the commercial company, for the purchase money. Default having been made in payment, Joseph Forrest instituted a suit against Jehiel Crossfield and John P. Van Ness, who was a dormant partner of Crossfield, and also a partner of the commercial company.
 
 
 3
 The declaration contains several counts. The first is on the promissory note, which is charged as the note of Crossfield and Van Ness, trading under the firm of Jehiel Crossfield. The second and third, for goods, wares and merchandize sold and delivered, the fourth for money had and received by the Defendants, to the use of the Plaintiff, and the fifth on an insimul computassit.
 
 
 4
 The Defendant, Van Ness, pleads the general issue, on which plea issue is joined.
 
 
 5
 He also pleads in bar several special pleas, amounting in substance to this, that the several assumpsits in the declaration mentioned, were made for goods, wares, and merchandize belonging to the commercial company, consisting of many partners, and of which both the Plaintiff and himself were members.
 
 
 6
 The third plea alleges, that the Plaintiff did agree to accept and did accept the separate promissory note of the said Crossfield, in payment of all and singular the debt and debts, promises and assumptions in the Plaintiffs said declaration above supposed; in pursuance and execution of which agreement aforesaid, the said Defendant, Jehiel Crossfield, made the said promissory note in the Plaintiffs said declaration mentioned and delivered the same to the said Plaintiff, on the day of the date of the said note at the county aforesaid, and the Plaintiff then and there accepted the same as payment, in pursuance of the aforesaid agreement.
 
 
 7
 To these several special pleas, the Plaintiff in the Court below demurred specially, and the Defendant joined in demurrer.
 
 
 8
 On argument, the demurrers except to the third plea, were overruled, and the pleas sustained as to the 2d, 3d and 4th counts, but the demurrers were sustained as to the 1st and 5th counts of the declaration. The demurrer was also sustained as to the 3d plea, which was adjudged bad as to all the counts.
 
 
 9
 On the trial of the issues, Van Ness objected to the evidence offered by the Plaintiff below, to support the first count, and his objection being overruled, excepted to the opinion of the Court. This exception brings on the whole question made by the pleas on the point, that the goods for which the note was given, were partnership goods belonging to a company of which both the Plaintiff and Defendant were members.
 
 
 10
 The jury found a verdict for the Plaintiff below, on which judgment was rendered, and the cause is brought into this Court by writ of error.
 
 
 11
 JONES, for the Plaintiff in error, contended,
 
 
 12
 1st, That this action is not sustainable, it being brought by one partner against another. And 2d, That the separate note of Crossfield was a discharge of the original debt due from Crossfield and VanNess.
 
 
 13
 1. An action does not lie by one partner against another, unless for a balance stated and acknowledged upon settlement of the partnership accounts.
 
 
 14
 The suit was as much for the use of Van Ness, as of any other of the stockholders. The Plaintiff was only a conventional president. The stockholders must all join in the action, and then Van Ness would be both Plaintiff and Defendant.
 
 
 15
 2. The plea states, that the Plaintiff agreed to take the separate note of Crossfield in full satisfaction for the goods sold and delivered. This was decided by this Court to be a good defence in the case of Sheehy v. Mandeville. 6. Cranch, 253.
 
 
 16
 J. LAW, contra.
 
 
 17
 It is true that one partner cannot sue another on an implied promise, but he may upon an express promise. 2. T. R. 479, Foster v. Allanson. 1. East. 20, Wright v. Hunter. After verdict, the promise shall be taken to be express—4. Cranch, 224, Grant v. Nailor.
 
 
 18
 The Defendant cannot set up a trust to defeat the Plaintiffs legal right to recover. If the trustee of a feme sole should bring an action against the husband, he could not defend himself by pleading that the money if recovered, would be for the use of is wife, and that the wife could not sue him at law. The Defendant cannot be permitted to look behind the legal Plaintiff for the purpose of setting up an inequitable defence. If this doctrine were to prevail, private banking companies could not recover money lent to stockholders.
 
 
 19
 The causes of demurrer assigned are, that the plea amounts to the general issue—and that the plea neither admits nor denies the promise laid in the declaration.
 
 
 20
 JONES, in reply.
 
 
 21
 The cases cited do not take this case out of the general principle, that one partner cannot sue another.
 
 
 22
 This is not an express promise of the Defendant. It is only by implication that he is charged. It is a promise that the law raises upon the fact, that he is a partner with him who expressly promised. In all the money counts, the promise is implied.
 
 
 23
 As to the objection that the plea amounts to the general issue—that point is settled also in the case of Sheehy v. Mandeville.
 
 
 24
 MARSHALL, Ch. J. after stating the case delivered the opinion of the Court as follows:
 
 
 25
 It is contended by the Plaintiff in error,
 
 
 26
 1st. That this action is not sustainable, it being brought by one partner against another.
 
 
 27
 2d. That the separate note of Crossfield discharges the original debt, due from Crossfield and Van Ness.
 
 
 28
 As the first error assigned by the Plaintiff, is, if it be really an error, apparent on the bill of exceptions, as well as in the pleas, it is not necessary to examine the formality of the pleas respecting it.
 
 
 29
 It is alleged that, at law, one partner can sue another, on a claim growing out of the partnership, in no other case than for a general balance on a stated account.
 
 
 30
 The terms in which this proposition has been laid down are perhaps too general.
 
 
 31
 In the case at bar, the suit is instituted on a promissory note given, not to the company, but to Joseph Forrest, president of the company. Although the original cause of action does not merge in this note, yet a suit is clearly sustainable on the note itself. Such suit can be brought only in the name of Joseph Forrest. It can no more be brought in the name of the company, than if it had been given to a person, not a member, for the benefit of the company. The legal title is in Joseph Forrest, who recovers the money, in his own name, as a trustee for the company. Upon the record, and technically speaking, he is the sole Plaintiff, and the Court can perceive no reasonable or legal objection to his sustaining an action on the note. The principle that a company cannot sue its members, does not apply to the case; nor does the principle, that a partner cannot sue a partner on a partnership transaction, apply to any case where a note in writing is given for money, not to a firm, but to an individual member.
 
 
 32
 The third plea alleges, that the Plaintiff in the Court below agreed to accept the separate promissory note of Crossfield in payment, and that, in execution of this agreement, Crossfield made the note in the declaration mentioned, which was accepted in payment of the several assumptions stated in the declaration.
 
 
 33
 Now the note, in the declaration mentioned, is a joint note, so that this plea in one place alleges it to be a joint note, and in another place to be a several note.
 
 
 34
 It becomes unnecessary to inquire into the effect of this repugnancy, if it be one, because the plea, if to be understood as averring that the note, in the declaration mentioned, is a several and not a joint note, would amount to the general issue. The plea is no more, to the first count, than non assumpsit. For if the note was not the note of Van Ness, he had not made the assumpsit stated in the first count. This is ill upon a special demurrer, when assigned as cause of demurrer.
 
 
 35
 The Plaintiff in error supposes the case of Sheehy v. Mandeville & Jameson, reported in 6th Cranch, 253, to be a case in his favor, on this point. The Court thinks otherwise. In that case, as in this, a note was given by one partner for a debt contracted by the firm. In that case, as in this, one count in the declaration was special, on the note, stating it to be a joint note, and other counts were general, on the original transactions. The Defendant, whose name was not on the note, stated it to have been received in discharge of the open account. The Court decided, that the plea was good, not in bar of the special count on the note itself, but in bar of the general counts, for goods sold and delivered.
 
 
 36
 Upon the special count, the Court was in favor of the Plaintiff below, who was also Plaintiff in error, and the judgment of the Circuit Court, which had been against him, was reversed. The case of Sheehy v. Mandeville & Jameson, then, is not in favor of the Plaintiff in error, so far as his third plea applies to the first count in this declaration.
 
 
 37
 This Court is of opinion, that there is no error in the judgment of the Circuit Court either in sustaining the demurrers to the several pleas filed in that Court to the first count in the declaration, or in admitting the note, in the declaration mentioned, to be given in evidence to the jury, on the trial of the issue of fact. This opinion renders it unnecessary to examine the decision of the Circuit Court, as it respects the pleas to the other counts, since, should their decision respecting the pleas to those counts even be deemed erroneous, their judgment will stand.
 
 
 38
 Judgment affirmed with costs and damages, at the rate of 6 per cent. per annum, and costs.