## CAUSTEN *vs.* BURKE.—June 1828.

One partner cannot maintain an action against his co-partners, for work and labour done on account of the partnership.

Where the plaintiff was associated with the defendant and others, in a particular concern not rendering it the duty of any of them to leave their place of residence, and at a meeting of the association, when the plaintiff was not present, it was proposed to employ him, to go to a distant place, to look after the property of the concern; the plaintiff was then sent for, accepted the employment for a fixed compensation, performed the services required, and brought an action of *assumpsit* against one of the partners to recover the sum agreed to be paid him. The party sued pleaded the general issue. This agreement was held to be an undertaking on account of the concern; that the same engagement entered into with a stranger, would have been binding on the firm; and that the plaintiff as a member of that firm, must have contributed his proportionate part of the sum contracted to be paid, and, therefore, could not sustain his action.

With respect to debts for work and labour, or other personal services, it is a rule that however special the agreement was, yet if it was not under seal, and the terms of it have been performed on the plaintiff's part, and the remuneration was to be in money, it is not necessary to declare specially, and the common *indebitatus* count is sufficient—Per STEPHEN, Judge.

APPEAL from *Baltimore* County Court. *Assumpsit* for work and labour, care and diligence; for goods sold and delivered; for money lent and advanced; for money had and received, and for money paid, laid out and expended. The defendant, (now appellee,) pleaded *non assumpsit*, and issue was joined.

1. At the trial the plaintiff, (the appellant,) prayed the court to direct the jury that if they believed from the evidence in this cause, that the defendant and others, did agree to pay to the plaintiff the sum of. $500, as a compensation for his extra services, in going to the South to attend to the security of certain property there, belonging to them and the plaintiff, and that the same was to have been paid by them without any contribution to said fund on his part, and that he did go and attend, &c. that then the plaintiff is entitled to recover. Which direction the Court, [*Archer*, Ch. J. and *Hanson*, A. J.] refused to give; but instructed the jury that there was no evidence to go to the jury to establish the fact, that the agreement was with them individually. The plaintiff excepted.

2. The plaintiff to support the issue on his part, offered in evidence to the jury, by *Thomas S. Schoolfield*, that the plaintiff in this cause was associated with the defendant and several others, in the city of *Baltimore*, in business not rendering it the duty of any of them to leave the city; that the concern had property in *Savannah*, *Amelia Island*, and elsewhere, to the south; that at a meeting at *Laborde's*, the defendant, the witness, and several others of the concern, were present, one of whom proposed they should employ the present plaintiff to go to the South after said property belonging to said concern, of which the plaintiff was a member; that it was agreed to by the persons present, and the witness sent after the plaintiff, who was not present, but who afterwards attended—that it was then proposed to the plaintiff, to go to the South after said property, and *Laborde*, the defendant, and the others of said concern, offered to give him $500, as a compensation for his services, if he would go, to which the plaintiff acceded, and did go, and was absent on said business, witness believes, three or four months; that nothing was said at the time about paying the plain-

tiff out of the joint funds of the concern, or that such fund was to be charged therewith; nothing was said about the other members of the concern being exclusively liable. The defendant then prayed the court to direct the jury, that upon this evidence the plaintiff was not entitled to recover. Which opinion and direction the court gave. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued at June term last before BUCHANAN, Ch. J. and MARTIN, STEPHEN, and DORSEY, J.

*Mayer*, for the Appellant. 1. As there is no evidence stated in the *first* bill of exceptions, that exception must be abandoned.

2. Upon the evidence set forth in the *second* bill of exceptions, the plaintiff below was entitled to recover; for although the defendant and plaintiff were with others associated in business, in relation to which the plaintiff performed the service mentioned in this exception; yet the said service was not performed by him as a partner, and the claim for it did not enter into the partnership accounts. One partner contracting with his copartner is to be considered as a stranger with respect to his other partner. *Bradford v Kimberly*, 3 *Johns. Ch. Rep.* 433. The defendant cannot take advantage of his being sued alone, not having pleaded in abatement. *Van Ness v Forrest*, 8 *Cranch*, 30.

*Meredith*, for the Appellee. 1. The *first* bill of exceptions is unaccompanied by any statement of the evidence. It cannot be connected with the *second* bill of exceptions, in which the evidence is set out. It is, therefore, wholly out of the case.

2. The evidence stated in the *second* bill of exceptions establishes a partnership.

3. One partner cannot maintain an action against his copartner for work and labour performed, or money expended on account of the partnership. In taking care of the joint property, a joint owner is taking care of his own interest. Each partner *is* bound, by the nature of his contract, to devote his whole time and attention to the partnership concern. The ser-

vices of the several partners may in point of fact be unequal, but the law does not undertake to measure them, and therefore, will not compensate them. *Holmes v Higgins*, 1 *Barn. & Cress.* 74, (8 *Serg. & Lowb.* 27.)

4. Where there is a special agreement for one partner to receive an extra compensation, if such compensation is not paid, his remedy is in chancery. Claims arising out of a partnership, as between the partners themselves, during its continuance, are cognizable alone in a court of equity. The reason is, that the mode of administering justice in courts of equity—the mode of proof—the mode of trial, and the mode of relief, are found far better calculated for the adjustment of differences of this description, than the remedies afforded by the nature of proceedings at law. It may, therefore, be considered as an established rule, that until dissolution, and an account liquidated by the partners, *indebitatus assumpsit* will not lie. *Smith v Barrow*, 2 *T. R.* 476. *Harvey v Crickett*, 5 *Maul. & Selw.* 340. *Lamatere v Caze*, 1 *Wash. C. C. Rep.* 436. *Murray v Bogart*, 14 *Johns. Rep.* 318. Whether the plaintiff is entitled to receive these $500, depends upon the state of the partnership accounts. Giving him credit for the $500, he may still be indebted, on a final settlement, in a much larger amount. Although such may be the fact, the defendant is precluded from showing it. A plea of *set-off* would necessarily lead to an investigation of partnership accounts utterly unfit for a court of law. And the consequence would be, that the defendant would be turned round to his remedy in equity, which would be manifestly unjust. The case of *Bradford v Kimberly*, 3 *Johns. Ch. Rep.* 433, cited by the appellant's counsel, and *Franklin v Robinson*, 1 *Johns. Ch. Rep.* 157, are the only cases in which a partner has been held entitled to compensation for extra services, and they were both cases in chancery, where the partners were at liberty to investigate the whole accounts, and protected from being compelled to pay, if the balance was on the whole against the claimant partner.

5. But if the plaintiff has a remedy at law, he ought to have declared, not in general *indebitatus assumpsit*, but on that which alone gave him the right of action—the special agreement. The rule formerly was, that where there was a special

agreement, the party could not declare upon a general *indebitatus assumpsit.* But it is now a general rule, that where the agreement is *executed,* the general form of declaring is sufficient. But then the plaintiff's right of recovery must be independent of the special agreement; that is, he must have a right to recover, supposing no special agreement to have been made. If his right of action depends alone on the existence of such an agreement, he must declare upon it. *Payne v Bacomb,* 2 *Dougl.* 651. *Tuttle v Mayo,* 7 *Johns. Rep.* 132. *Cooke v Munstone,* 4 *Bos. & Pull.* 355. Now in this case if the plaintiff is entitled to recover at all, it can only he in virtue of the special agreement. The case, therefore, is completely within the exception.

*Mayer,* in reply. It is sufficient to show where there is a special agreement, that the services were performed, in order to enable the party to recover. 1 *Chitty's Plead.* 329, (339.) If there had been no special agreement in this case, the plaintiff might recover. It was for services out of the ordinary business of the concern, which the plaintiff performed.

*Curia adv. vult.*

BUCHANAN, Ch. J. at this term, delivered the opinion of the court. The *first* bill of exceptions being properly abandoned by the counsel for the appellant, it is considered as out of the case.

The question arising on the *second* bill of exceptions, is a question of construction.

The plaintiff and defendant, with several others, were associated together in business—they were partners in trade. If the contract, which gave rise to this action, was entered into by such of the members of the concern as were present, in their individual characters—if it was a personal contract, then the plaintiff, under the pleadings in the cause, would be entitled to recover; as there is nothing to prevent one partner from suing another on a mere private undertaking. But if the undertaking by the defendant, and the other partners present, was not merely personal, but on account of the copartnership, the plaintiff is not entitled to recover, on the general principle, that one partner cannot maintain an action against his copart-

ners, for work and labour done, &c. on account of the partner-
ship.

And we think, that the engagement by the defendant and the
others of the concern who were present, to give the plaintiff
$500 for going abroad on the business of the concern, in which
he, as a partner, was equally interested with the other partners,
was not a private, individual contract, but an undertaking on
account of the concern.   The same engagement entered into
with a stranger would have been binding on the firm; and the
present plaintiff, as a member of that firm, must have contri-
buted his proportionate part of the sum contracted to be paid.
And what is there in the mere circumstance of his being em-
ployed as the agent to transact the business required to be done,
in the place of a stranger, to give to the same terms an entirely
different meaning and character, and to turn into a separate in-
dividual undertaking on the part of some of the partners, a
contract, which in the case of another, would have been consi-
dered as made on account of, and binding upon the firm?   We
can perceive nothing.   The services rendered, were for and on
account of the firm—the compensation for those services to be
paid by the firm, and his just proportion of that compensation
to be borne by the plaintiff, as one of the firm.   He could not
sue the firm of which he was himself a member, nor can he
sustain this suit against one of his copartners for services ren-
dered the firm.

    The court are of opinion that the judgment of the court be-
low ought to be affirmed.

STEPHEN, J. dissenting, delivered the following opinion. The
first bill of exceptions taken in this case being abandoned by
the appellant's counsel, it only remains for this court to consi-
der and decide upon the second.   That exception presents the
following statement of facts. [After stating the facts, he then
proceeded as follows:] The general principle is clear and incon-
trovertible, that one partner cannot sue another at common law
for a partnership claim, unless there be a settlement of accounts
between them, and a balance struck.   It was formerly held
that an express promise to pay was likewise necessary; but the
law now seems to be settled, that such promise is not essential.

The reason is, that as between the parties, as partners, their relative rights cannot be known, or the relation of debtor and creditor ascertained, until there is an adjustment of their accounts, either by themselves or by a bill in equity for an account. But it is equally clear and indisputable, that where one partner has an admitted claim against another; or, in other words, where one partner has in his hands money belonging to another partner, which he has not a right to carry to the partnership account, an action will lie at law to recover it, and that it is not necessary to resort to chancery for that purpose. This principle is established in *Smith v Barron*, 2 *T. R.* 476, where the court decided that one partner might maintain an action for money had and received against another partner, for money received to the separate use of the former, and wrongfully carried to the partnership account. *Ashhurst*, Justice, says, "the sum now claimed by the plaintiff did not belong to the partnership account; and as the defendant has received a sum of money belonging to the plaintiff alone, which he has wrongfully carried to the partnership account, he is liable to refund it in this action." *Grose*, Justice, says, "supposing that the plaintiff had received this money, he would have been entitled to have set apart for his separate use the whole sum, except that part which belonged to the partnership account. Then the circumstance of the defendant's having received it cannot alter the right." So in the case now before this court—if the $500 had been paid to the plaintiff according to contract, on his performing the stipulated service, can there be a doubt that he would have had a right to appropriate it to his own exclusive use? If he could, can his right be so materially changed by the bad faith of those with whom he dealt, in not paying it to him according to their agreement? In *Gow on Partnership*, 144, the law is stated to be, that where one partner pays a partnership debt out of his own individual funds, equity will enforce a contribution. Formerly, indeed, (he says) contribution was always obtained through the medium of a bill in equity, although latterly, actions at law between partners for a contribution have become frequent. In support of this principle see also *Wright v Hunter*, 1 *East*, 20, which was an action at law by one partner against another for contribution on account

of money paid to a creditor of the copartnership. This case likewise shows, that the defendant in this case was liable to the whole demand, he not having pleaded in abatement that there were other partners.    Lord *Kenyon* says, "as between a creditor and the partners, all are liable for the whole debt, though as between the partners themselves, each is only answerable for his respective share.    The plaintiff here stands in the relation of a creditor to the other three partners.    He might sue all or one of them; and as the defendant has not pleaded in abatement, I think the whole money may be recovered from him." The case of *Holmes v Higgins*, 8 *Serg. & Low.* 27, is distinguishable from the present; because in that case there was no express promise of compensation to the partner, whose services were rendered to the partnership.    He was merely appointed to perform a particular duty, without a promise of payment.    As to the liability of one partner to be sued by another in the case of an express undertaking, the case of *Van Ness v Forrest*, 8 *Cranch*, 30, is referred to as a very strong authority.    In *Bradford v Kimberly*, 3 *Johns. Ch. Rep.* 433, Chancellor *Kent* says, "in the case of joint partners, the general rule is, that one is not entitled to charge another, a compensation for his more valuable or unequal services bestowed on the common concern, without a special agreement; for it is deemed a case of voluntary management.    But where the several owners meet, and constitute one of the concern an agent to do the whole business, a compensation is, necessarily and equitably, implied in such special agreement, and they are to be considered as dealing with a stranger."    Suppose in this case the partnership had been insolvent, would not *Causten* have had a right to recover his stipulated compensation from the persons contracting with him as individuals?    Or, would he have lost it?    According to the evidence contained in the bill of exceptions, the promise was general and absolute, not qualified or conditional, and it amounted to a waiver of any right to have the partnership accounts adjusted prior to payment.    If he had been selected for the agency, without an express promise of remuneration, it would have been similar to the case of *Holmes v Higgins*, 8 *Serg. & Low.* 27, referred to in the argument.    A partner is entitled to nothing for services rendered in and about the partnership

concerns. When, therefore, he was employed for a valuable consideration to go on this business to the south, it shows that those who contracted with him did not deal with him in the character of a partner, but as they would have dealt with a stranger. Would not the money when received by him have belonged to him exclusively, or could it have been carried to the partnership account? If he would not have received it as a partner, it is clear that it could not have been carried to the partnership account. Why then make the right of recovering it to depend upon a final settlement of the partnership transactions? And it is only in such a case, that a resort would be necessary to a court of equity to compel payment. As to the necessity of declaring upon the special contract, the law is stated to be, that "with respect to debts for *work and labour*, or other personal services, it is a rule that however special the agreement was, yet if it was not under seal, and the terms of it have been performed on the plaintiff's part, and the remuneration was to be in money, it is not necessary to declare specially, and the common *indebitatus* count is sufficient." 1 *Chitty's Plead.* 338. To the same effect is the case of *Mudd v Mudd,* 3 *Harr. & Johns.* 438. Upon the subject of the liability of one partner to be sued by another, there is a very late case, *Coffee v Brian,* 11 *Serg. & Low.* 25. The facts of that case were as follows: "*Thomas Coffee,* the plaintiff, *John Coffee,* and *Brian* the defendant, were jointly concerned in the *Irish* butter trade; *John Coffee* consigned the butters to *Brian* in *London,* who sold them, and *Thomas Coffee* accepted bills, drawn by *John,* to the amount of the butters sent. The profits of the various transactions were divided between the three parties. *Brian* having received the proceeds from a certain quantity of this butter, *Thomas* expressed uneasiness at accepting bills in his own name, without some security for the risk he incurred; when *Brian* engaged to provide for the bills at maturity, out of the proceeds already received. *Thomas Coffee* having been obliged to pay the bills, now sued the defendant for the amount in an action on the bills, and for money had and received," on which count the court thought the plaintiff was entitled to recover. In that case it was insisted that the whole transaction was a partnership concern, and that, therefore, an action would not lie by one partner against his copartner, no balance having been struck,

nor any agreement entered into to pay separately. In deciding this case *Best*, Ch. J. observes, "It has been objected that this is a partnership transaction, and no doubt the money came to the defendant as the money of all three of the partners; but that has happened which divests them of the joint property in it, and vests it in the plaintiff. The defendant says, I have money in my hands, the produce of these butters, and if you will accept certain bills, I will hold the money on your account, in case of your being called on to pay the bills. When the bills were paid, therefore, the money in the defendant's hands became separated from the partnership account." *Park*, J. says "a partner may sue for a balance due to him upon an account closed, and an agreement to pay the amount, and this is a case of the same description." This case establishes the principle that one partner may support an action against another partner without ascertaining by a settlement of their partnership dealings, whether he is a debtor or creditor of the concern, where there is an express engagement by one partner to pay him for a particular service rendered to the partnership, out of the partnership funds; for *Park*, Justice, observes, "the butters were consigned on the account of three, but it was necessary that one of them should accept bills, and *Thomas Coffee* refused to do this without some kind of security; upon which the defendant agrees to appropriate for that purpose, money already in his hands." This case could only have been likened to an account closed, and an agreement to pay the balance, upon the ground, that the express assumption of the partner to pay his copartner, if he should be compelled to pay the bills when they became due, the amount he should so pay, amounted to a waiver of the settlement of their partnership transactions, and to an acknowledgment or admission of his right to receive the promised indemnity or reimbursement, without such a settlement. If the case now before this court is to be viewed under the aspect of a partnership transaction, the above authority, it is conceived, settles the principle, that for a sum of money expressly promised by one partner to another for a particular service rendered to the concern, he may sue in a court of common law, without an ascertainment of the relation of debtor and creditor first having been made. And it is here worthy of remark that the rigour of the law upon this subject has been lately much relax-

ed; for although it was formerly holden that there must not only be a balance struck, but an express promise to pay, yet it is now well settled that such express promise is not necessary to enable one partner to sue another at law. But if this case is not to be considered as a partnership transaction, but as a contract between those partners who were present and the plaintiff, in their individual capacities, the right of the plaintiff to recover in this suit is entirely free from doubt, there having been no plea in abatement filed in the cause.

I am of opinion that the judgment ought to be reversed.

JUDGMENT AFFIRMED.