The Chief Justice
delivered the opinion of the court.
In this case the' plaintiff has moved to strike out the notices, seven in number, subjoined to the plea of the general issue.
*The declaration is in' assumpsit and contains three counts : for money had and received ; on an account stated; and for interest.
The defendant having required a bill of particulars, the demand -of the plaintiff appears thereby to be, for the sum of five hundred dollars, received by the defendant to the use of the plaintiff, from the drawees of a bill of exchange, made by Lewis Beebee, payable to John Moore, by whom it was endorsed and delivered to the defendant, “ to be received for the plaintiff and when paid to be credited to him by the defendant.”
*199 The action of the plaintiff is upon the implied promise to pay to him the amount of money thus had and received to his use.
The substance and point of all the notices, diversified as they somewhat are, in facts and circumstances, and the ground on which the defendant, under them, intends to resist the recovery sought by the plaintiff are that the money received on the bill of exchange was had and received to his own use and not to the use of the plaintiff.
Thus the defendant alleges, in the first notice, the bill of exchange was sent to him to be accounted for in the settlement of certain money borrowed from him by the father of the plaintiff.
In the second notice; the bill was sent to the defendant for money which the plaintiff had borrowed of him on' account of his father, to be paid with interest when required.
In the third notice; the bill was remitted to the defendant, by the plaintiff, at the request of Isaac Little, on account of money which the plaintiff received of the defendant for the said Isaac Little.
In the fourth notice ; the bill was sent by the plaintiff to the defendant, in part payment of a sum of money mentioned in a promissory note made by Isaac Little to the defendant intended to enable the plaintiff to borrow money of the defendant and which accordingly he received.
In the fifth notice; the bill was sent to the defendant by the plaintiff at the request of Isaac Little, for and on account of money borrowed of the defendant upon a promissory note by the said Isaac and by him lent to the plaintiff.
In the eighth notice; the plaintiff paid to the defendant in and by the bill of exchange five hundred dollars, on account *of money which Isaac Little was indebted to the defendant for money lent and advanced to the plaintiff, and paid, laid out, and expended for him at the request of the said Isaac and for interest thereon.
*200 In the seventh notice; the bill was sent by the plaintiff to the defendant for and on account of several sums of money due and owing from Isaac Little to the defendant and particularly mentioned in that notice.
In all these notices, it is seen, that the purpose of the-defendant is, as already remarked, to shew that the money-received by him on the bill of exchange was not, as alleged in the declaration, received to the use of the plaintiff, but-was in truth received for his own use. If so, the promise-alleged in the declaration to pay to the plaintiff the money so received was never raised by implication of law. In-other words, if the matters contained in the notices are-true, which on the present argument we are to assume; and if they are sufficient in law to shew that the money on 'the bill was not received to the use of the plaintiff; which for 'argument’s sake we may also assume, the defendant did-not undertake and promise as the plaintiff has alleged.
The defence is a denial of the contract as stated in the-declaration. The defendant insists that no such contract was made in fact or implied by law. The matters contained in the notices amount to the general issue, neither more or less.
The rules of pleading do not allow a defendant, in such case, to exhibit his defence in a special plea, but require him to plead the general issue. 1 Chitty plead. 470.
The counsel of the defendant has not maintained, as I apprehend, the position taken by him, that the defence in the present case, although by the English practice it may be adniissible under the general issue, yet belongs to the-class which may also be specially pleaded. He referred to-fie elementary -writers, Ohitty and Archbold, for the doctrine that- when the defence consists of matter of law it may be pleaded or given in evidence. The rule, however, if I. understood the defence contained in the notice, cannot-rightly apply. The defence is purely matter of fact, not of law. These same writers, together with Comyns say that *201 where the defence is matter of fact, in denial of the contract alleged, it may and ought to come in under the general *issue. Vanness v. Forrest, 8 Cranch 30, is also to this effect. The defendant’s counsel referred to some cases. The most prominent contain these points; that the bill of exchange declared on was given for money lost at play, may be pleaded. So, a release, coverture or infancy. Now these '’are not instances of a pure denial of the contract. They admit the contract, de facto at least, and shew matter to invalidate or discharge it. The like may be said of payment as a plea. So of the case of Kearslake v. Morgan, 5 Term Rep. 513, in which the defendant was allowed to plead specially that he had indorsed to the plaintiff a promissory note for and on account of the demand for goods sold and delivered on which the declaration was founded.
Our act to facilitate pleadings, Rev. Laws, 404, sec. 2, was not intended to authorize or permit the defendant to give notice of special matter, when the general issue is the apt and only plea; but to enable him, instead of using a special plea, to introduce matters proper for such plea with more simplicity and less regard to technicality and form, by way of notice subjoined to the general issue.
It follows then that as the defendant in this case, independent of the statute, could not have pleaded these matters specially, he cannot now under the statute resort to a notice.
The notices are irregular and should be stricken out.
The objection of the defendant’s counsel that this application is too late after the cause has been carried down to trial at the circuit, though not tried, ought not to prevail. There is no analogy to our rule of practice requiring a party to insist upon or be deemed to waive, the laches of his adversary in omitting to file a pleading in season or carry a cause down for trial at the earliest circuit. No authority was cited to prove that the notice of trial is a waiver of the irregularity in the special notices ; nor can I find any sub *202 stantial reason that it should be so. On the contrary, it seems much more appropriate, and is certainly more convenient, that the propriety of such special notices, especially when questions are raised on the legal sufficiency of the matters contained in them to bar the action, should be discussed at the bar than at the circuit.)
Ford, J. and Drake, J. concurred.