68 U.S. 234 (1863)
1 Wall. 234
BALDWIN
v.
BANK OF NEWBURY.
Supreme Court of United States.

*236 Mr. F.A. Brooks, for Baldwin, the plaintiff in error.
Mr. Hutchins, contra.
*239 Mr. Justice CLIFFORD, after stating the case, delivered the opinion of the court:
1. Two questions are presented for decision, but the first is the same as that just decided in the preceding case, and for the reasons there given must be determined in the same way. Contrary to what was held in the case of Scribner et al. v. Fisher, 2 Gray, 43, we hold that the certificate of discharge in the case was no bar to the action, because the debt was due to a citizen of another State. Such was the rule laid down in Ogden v. Saunders, 12 Wheaton, 279; and we also hold that the circumstance that the contract was to be performed in the State where the discharge was obtained does not take the case out of the operation of that rule.
2. Agreed statement also shows that O.C. Hale was in fact the cashier of the Bank of Newbury at the time the defendant executed the note, but the defendant insists, as he insisted in the court below, that parol evidence was not admissible to prove that the person therein named as payee in taking the note acted as cashier and agent of the corporation. He admits that the plaintiff can prove those facts, if admissible, but denies that parol evidence is admissible for that purpose, which is the principal question on this branch of the case. Counsel very properly admit that such evidence would be admissible in suits upon ordinary simple contracts, but the argument is that a different rule prevails where the suit is upon a promissory note or bill of exchange. Suit in such cases, it is said, can only be maintained in the name of the person therein named as payee, and consequently that the plaintiff bank cannot be treated as such without explanatory evidence, and that parol evidence is not admissible to furnish any such explanation. Suppose the rule were so, still it could *240 not benefit the defendant in this case, because it is unconditionally admitted that O.C. Hale was in fact cashier of the plaintiff bank at the time of the making of the said note. Undeniably the note must be considered in connection with that admitted fact, and when so considered it brings the case directly within the rule laid down in the case of Commercial Bank v. French, 21 Pickering, 486, and the several cases there cited upon the same subject. In that case the court say the principle is that the promise should be understood according to the intention of the parties. If in truth it be an undertaking to the corporation whether a right or a wrong name is inserted, or whether the name of the corporation or some of its officers be used, it should be declared on and treated as a promise to the corporation, and as a general rule it may be said that where enough appears to show that the parties intended to execute the instrument in the name of the principal, the form of the words is immaterial, because as between the original parties their intention should govern. But it is not necessary to place the decision upon that ground alone, as we are all of the opinion that even if the facts set forth in the agreed statement are all to be regarded merely as an offer of proof, subject to the objections of the defendant, still the case must be decided in the same way. Regarded in that point of view, the question then is whether the evidence offered was admissible. Promise, as appears by the terms of the note, was to O.C. Hale, cashier, and the question is, whether parol evidence is admissible to show that he was cashier of the plaintiff bank, and that in taking the note he acted as the cashier and agent of the corporation. Contract of the parties shows that he was cashier, and that the promise was to him in that character. Banking corporations necessarily act by some agent, and it is a matter of common knowledge that such institutions usually have an officer known as their cashier. In general he is the officer who superintends the books and transactions of the bank under the orders of the directors.
His acts within the sphere of his duty are in behalf of the bank, and to that extent he is the agent of the corporation. *241 Viewed in the light of these well-known facts, it is clear that evidence may be received to show that a note given to the cashier of a bank was intended as a promise to the corporation, and that such evidence has no tendency whatever to contradict the terms of the instrument. Where a check was drawn by a person who was a cashier of an incorporated bank, and it appeared doubtful upon the face of the instrument whether it was an official or a private act, this court held, in the case of the Mechanics' Bank v. The Bank of Columbia, 5 Wheat., 326, that parol evidence was admissible to show that it was an official act. Signature of the promissor in that case had nothing appended to it to show that he had acted in an official character, and yet it was unhesitatingly held that parol evidence was admissible to show the real character of the transaction. Opinion in that case was given by Mr. Justice Johnson, and in disposing of the case he said, that it is by no means true, as was contended in argument, that the acts of agents derive their validity from professing on the face of them to have been done in the exercise of their agency. Rules of form, in certain cases, have been prescribed by law, and where that is so those rules must in general be followed, but in the diversified duties of a general agent, the liability of the principal depends upon the fact that the act was done in the exercise and within the limits of the powers delegated, and those powers, says the learned judge, are necessarily inquirable into by the court and jury. Maker of the note in that case had signed his name without any addition to indicate his agency, which makes the case a stronger one than the one under consideration. Same rule as applied to ordinary simple contracts has since that time been fully adopted by this court. Examples of the kind are to be found in the case of the New Jersey Steam Navigation Company v. The Merchants' Bank, 6 How., 381, and in the more recent case of Ford v. Williams, 21 How., 289, where the opinion was given by Mr. Justice Grier. In the latter case it is said that the contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein. Parol proof may be admitted to show *242 the real nature of the transaction, and it is there held that the admission of such proof does not contradict the instrument, but only explains the transaction.
Such evidence, says Baron Park, in Higgins v. Senior, 8 Mee. & Wels., 844, does not deny that the contract binds those whom on its face it purports to bind, but shows that it also binds another by reason that the act of the agent is the act of the principal. Argument for the defendant is, that the doctrine of those cases can have no application to the present case, because the suit is founded upon a promissory note, but the distinctions taken we think cannot be sustained under the state of facts disclosed in the agreed statement. Mr. Parsons says, if a bill or note is made payable to A.B., cashier, without any other designation, there is authority for saying that an action may be maintained upon it, either by the person therein named as payee or by the bank of which he is cashier, if the paper was actually made and received on account of the bank; and the authorities cited by the author fully sustain the position. Fairfield v. Adams, 16 Pick., 381; Shaw v. Stone, 1 Cush., 254; Barnaby v. Newcombe, 9 Cush., 46; Wright v. Boyd, 3 Barb., S.C., 523. Among the cases cited by that author to show that the suit may be maintained by the bank, is that of the Watervliet Bank v. White, 1 Den., 608, which deserves to be specially considered. Note in that case was indorsed to R. Olcott, Esq., cashier, or order, and the suit was brought in the name of the plaintiff bank, of which the indorsee was the cashier. Objection was made that the suit could not be maintained in the name of the bank, but it appearing that the indorsement was really made for the benefit of the corporation, the court overruled the objection, and gave judgment for the plaintiff. Bayley v. Onondaga Ins. Co., 6 Hill, 476. Suggestion was made at the argument that the rule was different in Massachusetts, but we think not. On the contrary, the same rule is established there by repeated decisions, which have been followed in other States. Eastern R.R. Co. v. Benedict et al., 5 Gray, 561; Folger v. Chase, 18 Pick., 63; Hartford Bank v. Barry, 17 Mass., 94; Long v. Colburn, 11 Mass., 97; Swan v. Park, *243 1 Fairf., 441; Rutland & R.R. Co. v. Cole, 24 Vt., 33. Doubt cannot arise in this case that the person named in the note was in fact the cashier of the plaintiff bank, because the fact is admitted, and it is also admitted that the plaintiff can prove that in taking the note he acted as the cashier and agent of the corporation, provided the evidence is legally admissible. Our conclusion is, that the evidence is admissible, and that the suit was properly brought in the name of the bank. The judgment of the Circuit Court is therefore affirmed with costs.
JUDGMENT ACCORDINGLY.