(Decided 29th June, 1881.)

---

MARY E. HYMER, (formerly Mary E. Anderson,) and ISAAC B. HYMER, her husband *vs.* WILLIAM H. IJAMS, Treasurer, use of THE BALTIMORE AND OHIO RAILROAD COMPANY.

*When Agent may sue in his Own name.*

A. being indebted to the Baltimore and Ohio Railroad Company, gave her note for the amount, payable to B., Treasurer. The note was taken by the Vice-President of the Company, when B. was not

present; and according to the usage of the Company, it was made payable to B. because he was Treasurer of the Company. It was afterwards sent to B., and held by him as Treasurer, to receive payment thereof. Suit was brought on the note by the Company in the name of B., Treasurer. *On objection by the defendant, it was* HELD:

That the suit was properly brought in the name of B., Treasurer.

APPEAL from the Circuit Court for Washington County.

This was an action brought by the appellee to recover on a note of the appellant, Mary E. Hymer, executed when she was Mary E. Anderson, drawn payable to said appellee. The note was given for a debt due the Baltimore and Ohio Railroad Company, of which the appellee was Treasurer, and taken by the Vice-President of the Company, out of the presence of the appellee. Two prayers were offered by the defendants, denying the right of the plaintiff to maintain the action in his own name. These prayers the Court (ALVEY and MOTTER, J.) rejected, and the defendants excepted. The verdict and judgment being for the plaintiff, the defendants appealed.

The cause was argued before BARTOL, C. J., GRASON, ROBINSON, IRVING, RITCHIE and MAGRUDER, J.

*Hy. Kyd Douglas,* for the appellants.

*A. K. Syester,* for the appellee.

MAGRUDER, J., delivered the opinion of the Court.

The bill of exceptions presents the question of the propriety of the ruling of the Court below, in rejecting the appellants' prayers, which sought to preclude the appellee's right to recover upon a promissory note, given in the name of "W. H. Ijams, Treasurer," but shown to have been given for a debt due the Baltimore and Ohio Rail-

road Company, and taken by the Vice-President, in the absence of Ijams, who was the treasurer of the company; the note according to the usage of the company being made payable to Ijams because he was treasurer, and sent to him afterwards, and held by him as treasurer, to receive payment thereof; though the suit was not actually brought by Ijams but by the company, using his name as plaintiff.

The objection made to the right of the appellee to maintain the action is, that he was not present at the taking of the note, that the contract was therefore not made with him, and that this does not come within the classes of cases in which an agent may sue in his own name.

But it must be clear that when the maker signed the note in the form in which it appears, thus recognizing Ijams as the agent and trustee of the company to receive the money, and the note is received and held by him, thereby accepting the trust, that it, at once, by this recognition on the part of Ijams, became a complete contract, made expressly with the agent, and purporting to be a contract personally with him, and coming therefore directly within the first class of cases laid down in *Story on Agency, sec.* 393, and followed by 1 *Wait's Actions and Defences*, 278, (as quoted by the learned counsel for the appellants,) which says that "where the contract is a written one, made expressly with the agent, and purporting to be a contract personally with him, there the agent may sue in his own name."

Here the contract sued on is the note. We have here, therefore, a written contract. It is made expressly with the agent, for the acceptance of the agency or trust by Ijams is a completion of the contract, and the defendant who agreed to contract with him, cannot be heard to object after he ratifies it. It purports to be a contract personally with the agent. We have then here existing all the elements which are laid down as constituting the right of the agent to maintain the suit in his own name.

That an agent may in such case. maintain the suit seems fully settled. Indeed, it has been held that the agent is the only one who can sue. In the case of *Van Ness vs. Forrest,* 8 *Cranch,* 31, (a case like that before us,) Chief Justice MARSHALL says : " Such a suit can be brought only in the name of Joseph Forrest. It can no more be brought in the name of the company, than if it had been given to a person not a member of the company, for the benefit of the company. The legal title is in Forrest, who retains the money in his own name as trustee for the company."

And although in the more recent case of *Baldwin vs. Bank of Newberry,* 1 *Wall.,* 234, the Supreme Court maintains the right of the principal to sue in such a case, yet it is not intimated that the suit could not be maintained in the name of the agent, the principal not objecting. On the contrary, the language of Parsons is quoted as if with approval, certainly not with dissent, to the effect that " if a bill or note is made payable to A. B., cashier, without any other designation, there is authority for saying that an action may be maintained on it, either by the person named as payee, or by the bank of which he is cashier, if the paper was made, and actually received on account of the bank. And the authorities cited by the author fully sustain the position."

In *Story on Agency,* after laying down (in *sec.* 393,) the classes of cases in which an agent may sue, (the first of which classes we have before mentioned,) the learned author in *sec.* 394, says :

" The first class may be illustrated by the common instance of a promissory note, given to an agent as such, for the benefit of his principal, where the promise is to pay the money to the agent *eo nomine,* in which case he may sue on the note in his own name. So a promissory note promising to pay A. and B., trustees of ——— (naming the corporation,) may be sued by A. and B., as

proper parties thereto. So a promissory note, made payable or endorsed to A., ' cashier,' or order, may be sued on by him personally, he being the cashier of the bank." .And in 1 *Wait's Act. and Def.*, 278, 279, the same principle is maintained, and it is held that the agent may sue even "although at the time it was given, he was known by the party giving it, to be acting as the agent of another person."

And in .2 *Parsons on .Notes and Bills*, 451, it is thus declared :

" Where a note is made payable to A. B., described as agent, cashier, treasurer or president, or the like, without naming the principal, the person so described as agent, is the one entitled to sue." (See numerous cases cited by these authors.) The doctrine seems now well settled that in this class of cases, either the agent or the principal may sue. (2 *Daniel, Neg. Inst.*, 1188.)

To this effect is the case of *Ford vs. Williams*, 21 *How.*, 287.

And although there are some cases in which it has been held, that where it was at the time of the contract distinctly understood that it was for the benefit of the principal alone, there the principal alone could sue, they do not seem to be in accordance with the weight of authority. Judge STORY, alluding to these cases, says : " It admits of most serious question whether this doctrine is maintained upon principle, or is consistent with many other well considered authorities." *Story on Ag.*, sec. 269, (*n.* 1.)

(See 11 *Amer. Decis.*, 99, and notes and authorities cited.

There is a class of cases in which the cause of action was a note or other instrument, payable to the " president " or " cashier," or other officer of a corporation named, without naming the agent, where it is held that the corporation 'alone can sue, and not the particular

officer for the time being ; but that is on the ground' that the individual officer not being named, there is no stipulation to pay to him, and the contract being in terms for the benefit of the corporation, it alone can sue ; the officer being named only to indicate the proper agent or servant of the corporation, to whom the money is to be paid, and not as the party with whom and in whose name the contract is made. But that class of cases is very different from this, where there is an express stipulation and promise to pay to the party named, without even naming the principal, and the party making the promise, therefore, cannot complain that he is held to do what he deliberately and in express terms bound himself to do.

In *Whiteford vs. Burckmeyer & Adams,* 1 *Gill,* 127, the doctrine seems to be well settled, that Courts will never inquire into the question whether a plaintiff sues for himself, or as agent or trustee for another, where he appears to be the legal holder of the note, either as payee or endorser, unless *mala fides* be shown. There is no possible question of *mala fides* in this case. The suit is brought in the name of the person who the maker expressly promised and agreed to pay, and who was the proper person to receive the money in the usual course of the business of the principal, and who would have received it, if the maker of the note had complied with her contract. The plaintiff held the note, with the knowledge and consent of his principal ; there was no objection to his so holding, or to this suit being brought or maintained in his name, and the principal has in fact distinctly ratified what the agent has done by taking the entry of the suit to its use. Under such circumstances, *mala fides* is not only not shown, but expressly rebutted.

The maker can be in no possible danger of loss, and has shown no reason for not being held to the regular and usual consequences of her own deliberate act.

Finding no error in the rulings of the Court below, we must affirm the judgment.

*Judgment affirmed.*

(Decided 29th June, 1881.)