PACIFIC GUANO CO. *v.* HOLLEMAN.*

(*Circuit Court, S. D. Georgia, W. D.* May 15, 1882.)

**1. PROMISSORY NOTE MADE TO AGENT.**
    A corporation may sue on a promissory note payable to the order of its agent by name, and describing him as " agt.," and not indorsed by the agent.
**2. SAME—PAROL EVIDENCE OF OWNERSHIP.**
    Parol evidence is admissible to show that the corporation, suing as plaintiff, is the owner of the note.

Action at Law, upon the following note:

"$419.30. BYRON, GEORGIA, April 23, 1875.

" On the twentieth of October, after date, I promise to pay to the order of Asher Ayres, agt., $419.30, to T. B. Goff, or at his office in Macon, Georgia; value received. If not paid at maturity, to bear interest at the rate of 12 per cent. discount per annum. D. H. HOLLEMAN." [L. S.]

Defendant demurred to the petition, which set out a copy of the note, and which alleged that the defendant gave the same to Asher Ayres, agent of the plaintiff. Defendant also filed a plea, in the form of a plea to the jurisdiction, denying that the Pacific Guano Company had the legal title to the note, and alleging that the same

*Reported by W. B. Hill, Esq., of the Macon bar.

was in Asher·Ayers, the agent, a resident of the district in which the suit was brought. The issues thus raised were submitted to the court upon the following agreed statements of facts:

[After stating the case.]

"At the April term, 1882, of the court, the pleas to the jurisdiction (along with a demurrer to the plaintiff's writ) were submitted to the circuit and district judge, a jury being waived by consent of the parties, upon the following admitted facts: Asher Ayers, the agent named in the note sued on, (and set out in the plaintiff's petition,) is a resident of said western division of the southern district of Georgia. The Pacific Guano Company is a corporation having its legal domicile in the state of Massachusetts, and was the holder of the note sued on at the time of the commencement of the suit. The question argued was whether the plaintiff can maintain the action on the note, and whether parol evidence is admissible to show that the note is in fact the property of the plaintiff. (Plea of failure of consideration reserved for trial before jury.)"

*Hill & Harris*, for plaintiff.

*H. M. Holtzclam*, for defendant.

PARDEE, C. J. The agreement of counsel submits to the court two questions: (1) Whether, on the agreed state of facts, the plaintiff can maintain the action. (2) Whether parol evidence is admissible on the trial to show that the note is in fact the property of the plaintiff. The facts agreed on are that Ayres, the agent named in the note, is a resident of this district, and the plaintiff is the holder of the note sued on, and is a corporation domiciled in the state of Massachusetts. The other facts appear in the petition. We are agreed that both questions shall be answered in the affirmative. That a note given to Asher Ayres, agent, may be sued on by the principal, who is the owner and holder, is well settled by all the later authorities. See 12 Am. Dec. 713, 715, and authorities there cited; Daniell, Neg. Inst. § 1187; *Baldwin* v. *Bank of Newbury*, 1 Wall. 234.

The authority cited by counsel for defendant in 1 Addison on Contracts, § 51, does not apply, as that section relates to equities between the parties in cases of concealed agency.

The case of *Austell* v. *Rice*, 5 Ga. 472, does not conflict, for the court in that case did not deny the right of the principal to bring the suit, but maintained the right of the payee named also to sue. To the same effect is the extract from the decision of Chief Justice Marshall in *Van Ness* v. *Forrest*, 8 Cranch, 30, for the point in that case was whether the payee named could sue, and his right was maintained. The admissibility of parol evidence to show that the plain-

tiff is the real owner and holder of the note sued on, when such ownership is put at issue by the defendant, is elementary.   And in principle and authority the plaintiff may offer such evidence when in cases like this under consideration it may be held necessary for him to make such proof in order to maintain his action.   See Daniell, Neg. Inst. § 1187, and cases there cited.

ERSKINE, D. J., concurred.