has been estimated or contracted for at this time, and is not transferable to any account without our consent." The appellants contend that it was error for the court to admit parol evidence to ascertain the intent and meaning of the parties by this clause, and in leaving it to the jury to ascertain from this conflicting evidence what was the agreement in reference thereto. However, it was the defendants who first gave parol evidence in explanation of this clause, and this against plaintiff's objection. The defendants' version of the conversation with plaintiff which induced them to put this clause in the contract is that plaintiff "said there was a large hotel that would be opened soon, and he could influence the placing of that order with us; that the order would amount to as much as the one we had received for the outfit for the Hotel Iroquois, which was over $3,000, and he wanted us to agree to pay $235 in trade after we had got this order." This was contradicted by plaintiff, and he testified that at that time he was negotiating for the purchase of a property in Connecticut which he intended improving with an hotel, and that he said to defendants, after some further consideration of it, that, if his object was realized in regard to the purchase of this property, he intended to erect a small house, and might have use for this trade. The proof is that plaintiff went to defendants' store and selected a lot of china, crockery, and glassware (the articles dealt in by defendants), and received an invoice thereof from them for the same at a fixed price of $241.15, and that he tendered them $6.15 in cash, and demanded delivery of same under his contract for $235 in trade. All of this conflicting testimony was properly submitted to the jury in a well-considered charge.

The appellants, by their counsel's brief, contend that it was error to decline to charge their second request: "That, unless plaintiff has proved that there was such a new hotel at the time he made his demand, the defendants are entitled to a verdict." But, if the jury believed the plaintiff's evidence, it would not be necessary for him to have fully completed an hotel before he had right to demand payment in trade for the defendants' advertisement. Appellants complain of the charge of plaintiff's request at folio 161 as error, "as there is no testimony in the case that at the time the contract was made the parties had in contemplation the proposed hotel at Southport, Conn." But such testimony is in the case, for plaintiff so testifies at folio 140. These are the only two criticisms made in appellants' brief in regard to the charge. The judgment and order are affirmed, with costs.

---

## WM. OTTMAN CO. v. MARTIN.

(City Court of New York, General Term. April 27, 1896.)

1. PAROL EVIDENCE—DESIGNATION FOLLOWING SIGNATURE.
    On an issue as to whether defendant purchased goods on his individual credit or as president of a corporation. he may show by parol evidence the meaning of the word "Pres.," following his signature to a check given in payment for goods purchased before those sued for.

2. SAME—LETTERS SUBSEQUENT TO CONTRACT.
  Letters which form no part of a contract, and are written after the contract was made, are not written instruments in the sense that parol evidence is inadmissible to explain seeming admissions of liability therein.

Appeal from trial term.

Action by the William Ottman Company against Herbert W. Martin. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

J. Noble Hayes, for appellant.
Jos. Fettretch, for respondent.

VAN WYCK, C. J. This action is for meat sold in September, 1892, and there was no dispute as to the quality, quantity, or price thereof, but the sole issue was whether the same was bought by defendant individually or for the hotel corporation of which he was the president; the plaintiff contending that the original conversation between himself and defendant, at the time the first order for meat was given, in June, 1892, was that defendant said he bought for himself, while defendant testified that he told plaintiff he bought for the Green Mountain Hotel Company, of which he was president. These were the only witnesses as to that conversation, and there is no proof of any other conversation, although plaintiff continued to ship meat during June, July, August, and September, and all of which was paid for except the September account, which is herein sued for. The defendant had marked in evidence four checks aggregating $1,640, signed by him, "H. W. Martin, Pres.," to order of and indorsed by plaintiff, and which were payments on the accounts other than the September account. He made proper effort to prove that the designation "Pres." indicated president of the hotel company, but, upon plaintiff's objection, was prevented from doing so by ruling of the court, to which he excepted. This was error. Baldwin v. Bank, 1 Wall. 240. The plaintiff had marked in evidence several letters written since September, and signed by defendant, "H. W. Martin," with no official designation, for the purpose of showing admissions by defendant of his personal liability. The relations of the parties had been fixed before these letters were written, and defendant sought to explain these subsequent and seeming admissions of personal liability, and by his counsel was asked to explain why he had omitted his official designation from his signatures to the letters, but was silenced upon plaintiff's objection that "the letter speaks for itself," to which he excepted. Letters, when they form no part of the contract, and are written subsequent to the making thereof, are not written instruments in the sense that parol evidence is inadmissible to explain seeming admissions therein of liability. A plaintiff, on a plea of payment by defendant, is not estopped by his receipt of payment in full of his claim, nor would such defendant be estopped by his subsequently written admission

that no part thereof had been paid, but the first could still make proof of nonpayment, and the other of payment, and thus make an issue for the jury to determine.

The judgment and order are reversed, and new trial granted, with costs to appellant to abide the event.   All concur.