THE BALTIMORE COAL TAR AND MANUFACTURING
COMPANY vs. WILLIAM FLETCHER, JUN'R, and WIL-
LIAM MURDOCK, trading as FLETCHER and MUR-
DOCK, use of JAMES C. SPRIGG.

*Contract—Parties—Province of Jury—Principal and Agent—
Undisclosed Principal—Suit by Principal.*

F. Jun'r and M. were co-partners for the purpose of executing a con-
tract for paving certain parts of the City of Washington. The
agreement of copartnership, dated May 12th, 1881, contained a
distinct article to which F. *Sen'r* was a party, stipulating that all
the necessary capital should be provided by F. *Sen'r* and M., and
which capital should be paid for as part of the expense of the
work, at the rate of one per cent. per month, during the time such
capital was in actual use. In order to procure from the Island of
Trinidad the asphalt required in the execution of the work, it was
found to be necessary that there should be a correspondence opened
and a basis of credit established by the deposit of money in New
York. This was done through the B. C. T. & M. Co., and a draft
on New York was furnished to it by F. & M., though without any
special designation as to which of the F's was acting,—whether it
was the father or the son. This effort to procure asphalt failed,
and the money furnished as a basis of credit upon which to deal
with a house in Trinidad was returned to the B. C. T. & M. Co.,
with some small deductions for expenses incurred. In an action
to recover this money brought by F. *Jun'r* and M. against said B.
C. T. & M. Co., it was HELD:

1st. That if the contract by the defendant to negotiate and arrange
for procuring the asphalt from Trinidad, was made with F. *Sr.* and
M. as the real contracting parties, the action could not be main-
tained.

2nd. That having stipulated to furnish all the capital necessary to
the execution of the paving contract for a certain per centage, it
might be that they thought proper to contract with the defendant
on their own account, and not on the partnership account of the
plaintiffs; and if they so designed the law interposed no obstacle
to their so contracting.

Balto. Coal Tar & Manufacturing Co. *vs.* Fletcher and Murdock.

3rd. That this was a question for the jury upon all the facts of the case.

4th. That if the contract was made with the plaintiffs through their agents F. *Sr.* and M., acting under and in pursuance of the terms and stipulations of the agreement of the 12th of May, 1881, though the names of the principals may not have been disclosed to the defendant, and though such agents may have dealt apparently in their own names, and the defendant supposed them to be the real contracting parties, yet the plaintiffs would not be precluded from taking the benefit of the contract and suing thereon.

5th. That though the contract may have been in the names of the agents, if it were made for and on behalf and for the benefit of the plaintiffs, it might be sued on or enforced by the plaintiffs, notwithstanding the agents or one of them may have furnished the money for the purposes of the contract.

Where a contract not under seal is made with an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it.

But if the principal sues upon a contract made with an agent in the name of the latter, the defendant is entitled to be placed in the same position at the time of the disclosure of the principal, as if the agent had been the real contracting party.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered the following prayer:

That there is no evidence in this case, legally sufficient to sustain the defendant's pleas of set-off, as to the several items of $600.00, $400.00 and $358.10, or either of them.

And the defendant offered the two following prayers:

1. If the jury shall find from the evidence, that William Fletcher, senior, furnished the plaintiff, Murdock, the money with which he obtained the check for $2500, which he has testified he sent to the defendant in a letter,

signed, "Fletcher & Murdock," and that said check was. sent to the defendant in pursuance of a previous verbal contract made between the witness, C. Hart Smith, as. president of the defendant, of the one part, and William Fletcher, senior, and the plaintiff, Murdock, of the other part, by the terms of which said William Fletcher, Senior,. was to furnish said money, and that in all the negotiations. relating to said contract, the said William Fletcher,. senior, and Murdock had held themselves out to said Smith, as 'the principals, who so contracted, and that in consequence thereof, he believed them to compose the firm of Fletcher & Murdock, whose name was signed to said letter, and that it was not until a considerable time after the reception of said check that the said Smith had any knowledge or notice of the existence at Washington, of any firm of Fletcher & Murdock, composed · of the plaintiffs, William Fletcher, Jr., and Murdock, of which said William Fletcher, Sr., was not a partner, then the plaintiffs are not entitled to recover under the pleadings and evidence of this case.

2. If the jury believe from the evidence, that the contract alleged to have been made by the defendant, with the plaintiffs, in reference to the furnishing of asphalt,. was made not with William C. Murdock and William Fletcher, Jr., but with William C. Murdock, and Wm. Fletcher, Sr., and that said William Fletcher, senior, furnished the money to purchase the check of $2500, in controversy in this case, then the plaintiffs cannot recover in this action, and the verdict must be for the defendant.

The Court (BROWN, J.) granted the plaintiffs' prayer and rejected the prayers of the defendant. The defendant excepted, and the verdict and judgment being against it, appealed.

The cause was argued before ALVEY, C. J., STONE,. MILLER, ROBINSON, and BRYAN, J.

*Wm. Reynolds*, for the appellant.

*John S. Tyson*, for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

The plaintiffs in this case are William Fletcher, *junior*, and William C. Murdock, trading under the partnership name of Fletcher and Murdock; and the action is for money had and received by the defendant to the use of the plaintiffs, and for money found to be due from the defendant to the plaintiffs on accounts stated between them. There was a bill of particulars filed, showing the nature and amount of the claim. The defendant pleaded, never indebted as alleged, and set-off.

The questions presented by this appeal are raised by an instruction granted at the instance of the plaintiffs, to the effect, that there was no legally sufficient evidence to be considered by the jury in support of the claim of set-off; and by the refusal to grant two prayers offered by the defendant, which go to the right of the plaintiffs to maintain the action.

The articles of agreement, by which the copartnership between the plaintiffs was formed, was entered into on the 12th of May, 1881, by one Bailey and William Fletcher, *junior*, of the one part, and William C. Murdock, of the other part. The agreement was under seal, and it recites the fact that Bailey and Fletcher, junior, had bid, and were the lowest bidders, for furnishing materials and doing certain paving in the City of Washington. And in anticipation of getting the contract, they agreed to take in Murdock as a party in the execution of the contract with the city; and that Murdock should assume the place of Bailey, in the execution of the contract, upon certain terms stipulated in the agreement. It was agreed that the work should be carried on in the name and style of Fletcher & Murdock, and that they should have the entire control of

·the work, and have the right to decide all questions that might arise in the course of the execution of the contract; Bailey to receive one-fourth of all profits arising out of the execution of the contract, after all proper expenses were paid. The latter was also to be allowed ten per cent. of the appraised value of certain machinery to be used by the firm. Bailey then stipulated that in the event of the contract being awarded to Fletcher and Bailey, that he would " assign and set over to Murdock, all his right, title and interest in and to the said contract."

In a distinct article in the agreement, it is stipulated, that all the necessary capital should be provided by William Fletcher, *senior*, and William C. Murdock, and which capital should be paid for as part of the expense of the work, at the rate of one per cent. per month, during the time such capital was in actual use. And in the last clause it is provided that Fletcher and Bailey, the original bidders for the contract with the city, should give Murdock a full, absolute and unconditional power of attorney, clothing him with "full power to act for and in the name of Fletcher and Murdock, in the execution of the contract with the District of Columbia, should such contract be made; such power to authorize Murdock to do and perform any and every act which might become necessary or proper in the purchase or procurement of material for the execution of such contract, the doing of such work, &c., the procurement of funds for the purposes of the work, the employment of laborers, the payment of liabilities contracted in the execution of the work, and every other act proper and needful to the due execution of said contract." And at the foot of this agreement there is a separate article, signed by William Fletcher, *senior*, whereby, in consideration of the covenants contained in the preceding agreement, wherein his son was interested, he stipulated with Fletcher and Murdock that he would perform the covenants contained in said agreement by him to be performed;

and further declaring "that such promise was made at the same time with, and as part of, the preceding contract."

The contemplated contract with the city was awarded to Bailey and Fletcher, and the work was undertaken under and in pursuance of the contract of copartnership. It thereupon became necessary to arrange for procuring the asphalt required to be used in the execution of the work; and in order to procure that material from the Island of Trinidad, it was found to be necessary that there should be a correspondence opened, and a basis of credit established by the deposit of money in New York. This was done through the defendant; and a draft on New York for $2500 was furnished to the defendant by Fletcher and Murdock, though without any special designation as to which of the Fletchers was acting,—whether it was the father or the son. Evidence on the part of the defendant was given tending to show that it was, with Fletcher, *senior,* and Murdock, that the defendant contracted to procure the asphalt, and that Fletcher, *junior,* was not known or recognized in the transaction in any way whatever. This, however, is strongly controverted on the part of the plaintiffs.

For causes not necessary to particularize, the asphalt ordered was never shipped; and it is admitted that the money furnished, as a basis of credit upon which to deal with a house in Trinidad, was returned to the defendant, with some small deductions for necessary expenses incurred. It is for this money, thus received by the defendant, that this action is brought.

There has been no question made as to whether Fletcher, senior, and Bailey were partners with Fletcher, junior, and Murdock, under the agreement of the 12th of May, 1881; and, of course, we intimate no opinion upon the subject. The principal contention on the part of the defendant is, that the plaintiffs are not the proper parties to sue for the money received by the defendant. That the

contract under which the money was furnished to be placed on deposit in New York, was with Fletcher, senior, and Murdock, and not with the latter and Fletcher, junior; and hence there is no cause of action as between the plaintiffs and the defendant. The defendant also contends that if the contract was with Fletcher, senior, and Murdock, simply as agents under the agreement, or with the plaintiffs directly, in either case it is entitled to the benefit of the set-off or recoupment claimed,—such claim being founded upon a contract with respect to certain machinery, tools, &c., spoken of in the evidence.

We shall first dispose of the question as to the right of the plaintiffs to maintain the action. This in fact depends upon the question, whether the contract by the defendant to negotiate and arrange for procuring the asphalt from Trinidad, was made with Fletcher, senior, and Murdock, upon their responsibility and credit alone as principals, and that they as such contracting parties furnished the money that was deposited in New York; or whether such contract was made with the plaintiffs directly or with their agents. If the contract was with Fletcher, senior, and Murdock, as the real contracting parties, as contended by the defendant, it is clear this action cannot be sustained. Fletcher, senior, is not a party to the action, and Fletcher, junior, was not a party to the contract; and consequently no recovery can be had as between the parties now upon the record. Having stipulated to furnish all the capital necessary to the execution of the paving contract for a certain per cent., it may be that Fletcher, senior, and Murdock thought proper to contract with the defendant on their own account, and not on the partnership account of the plaintiffs; and if they so designed, the law interposed no obstacle to their so contracting. It was a question for the jury upon all the facts of the case. *Elbinger Actien–Gesellschaft vs. Claye,* L. *R.,* 8 *Q. B.,* 313. But if the contract was made with the

plaintiffs through their agents, Fletcher, senior, and Murdock, acting under and in pursuance of the terms and stipulations of the agreement of the 12th of May, 1881, though the names of the principals may not have been disclosed to the defendant, and though such agents may have dealt apparently in their own names, and the defendant supposed them to be the real contracting parties, yet the plaintiffs would not be precluded from taking the benefit of the contract and suing thereon.    Though the contract may have been in the name of the agents, if it was made for and on behalf and for the benefit of the plaintiffs, it may be sued on or enforced by the plaintiffs, notwithstanding the agents or one of them may have furnished the money for the purposes of the contract.    *Phelps vs. Prothero,* 16 *C. B.,* 370, 394.    The principle is too well settled to be questioned, that where a contract not under seal is made with an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it.    But, in respect to that general doctrine, the rule is equally well settled, that if the principal sues upon a contract thus made with an agent in the name of the latter, the defendant is entitled to be placed in the same position at the time of the disclosure of the principal, as if the agent had been the real contracting party.    These well settled and familiar principles of the law of agency have been fully adopted by this Court, in the case of *Oelrichs & Lurman vs. Ford,* 21 *Md.,* 501, 507.    See also, *Ford vs. Williams,* 21 *How.,* 287.

In view of the well settled principles of law that we have stated, we are of opinion that the two prayers offered by the defendant were properly rejected.    Whether the money to obtain the draft that was enclosed to the defendant, to be deposited in New York, was furnished by Fletcher, senior, or that he and Murdock held themselves out as the real contracting parties, and that the defendant supposed them to be such, and dealt with them accordingly, are

propositions of fact that do not determine the rights of the plaintiffs in this case.   The prayers should have put the proposition distinctly to the jury to find, whether Fletcher, senior, and Murdock were in fact the real contracting parties with whom the defendant dealt, and not the plaintiffs, either by themselves or their agents.   If the contract was made by the defendant with Fletcher, senior, and Murdock, and they were the real contracting parties, then, as we have said, the plaintiffs would not be entitled to recover.   But if the contract was made with the plaintiffs, either in person or by their agents, then they would be entitled to recover, subject to any just claim of set-off or recoupment that may be established.

With respect to the instruction given at the instance of the plaintiffs, we think there was error.   The testimony of Mr. Smith, and the other witnesses examined on the part of the defendant, furnished evidence at least tending to prove the claim of set-off or recoupment set up by the defendant ; and that evidence, we think, ought to have been submitted to the jury.   Whether such evidence be sufficient to establish the claim, and the extent of it, will be for the jury to determine.   We must, therefore, reverse the judgment and award a new trial.

*Judgment reversed, and*
*new trial awarded.*

(Decided 8th February, 1884.)