HARDING v. HARDING-COOR CO.

(District Court, S. D. Mississippi. December 17, 1914.)

No. 1088.

EVIDENCE (§ 459*)—ACTIONS ON AGENTS' CONTRACTS—PAROL EVIDENCE.
    Where stockholders in a corporation, one of whom was its general manager in control of its affairs, borrowed money on the representation that it was to be used by the corporation in paying for flour purchased by it,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the corporation received the money, parol evidence was admissible, in an action on a note executed by such stockholders, to show that they were acting as agents for the corporation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1722, 1906–1910, 2109–2114; Dec. Dig. § 459.*]

In Bankruptcy. In the matter of the Harding-Coor Company, bankrupt. On petition by the trustee to review an order of the referee allowing the claim of R. J. Harding. Decree in favor of the claimant.

Flowers, Brown & Davis, of Jackson, Miss., for exceptors.
Watkins & Watkins, of Jackson, Miss., opposed.

NILES, District Judge. The Harding-Coor Company was duly adjudicated a bankrupt, and a trustee appointed and legally qualified as such. During the administration of the bankrupt estate, R. J. Harding filed a claim against it, the several items of which aggregated $8,308.11. Objection was entered by the trustee to an item of $3,000 in the probated claim, and thereupon an order was entered by the referee, allowing the entire amount as claimed by R. J. Harding in his petition as filed, and, petition for review having been filed by the trustee objecting to the said item of $3,000 included in the claim of R. J. Harding, the matter is submitted to the court for decision.

From the record in this case it appears that E. J. Harding, son of the petitioner herein, Col. R. J. Harding, together with one D. B. Coor and W. W. Downing, organized a corporation known as the Harding-Coor Company, with a stated capital stock of $10,000. Stock to the amount of $2,500 was issued to E. J. Harding and paid for by Col. Harding, his father. Downing paid in his subscription of $500, and these two items seem to be the only "real money" contributed to the venture; Coor, the heavy villain of this financial tragedy, contributing his share in flour (probably belonging to some one else), of the value of $4,500, and a promise of actual cash when his aunt could "realize on some Gulfport property." Coor, the presiding genius of the corporation, and who departed hence without day at the first sign of trouble, was the general manager, and directed affairs to such an extent that E. J. Harding and Downing, the other stockholders, were mere nonentities, and knew nothing of and seemed to care less about the actual financing of the business; E. J. Harding, at least, being completely under his domination, and Downing supremely indifferent.

Coming back to the question at issue—that is, the objection to the item of $3,000 claimed by R. J. Harding—the undisputed facts involved are these: Coor and E. J. Harding, a few days after the organization of the Harding-Coor Company, represented to Colonel Harding, the petitioner herein, that the company had received a consignment of flour then on the railroad tracks at Jackson, which they were compelled to pay for before unloading; that it was bought at a bargain, and requested him to loan the company $3,000 with which to pay for same, stating that they had not the money, but would have soon, and proposing that a note be executed for this purpose by the company, to be indorsed by him, upon which the money could be raised at the

bank. The note was duly executed and signed by Coor and E. J. Harding, indorsed by Col. Harding, and the money thus secured. The note was later renewed, and eventually paid by R. J. Harding, indorser, and thus included in his claim for other items of indebtedness due to him by the bankrupt corporation. The trustee contends that the item is not a proper one, because it was not signed by the Harding-Coor Company, and therefore the loan was not extended to the corporation, and that, as the note was signed by E. J. Harding and Coor, it is not competent to show by oral testimony that they acted as agents for the corporation in the transaction.

As affects Col. Harding's claim, it is unnecessary to discuss the stock subscription, how much was paid in, by whom, the number of shares each held or contracted to purchase, the duplicity of Coor, the inefficiency of E. J. Harding, or the indifference of Downing. Did E. J. Harding and Coor secure the $3,000 from Col. Harding upon the representation that the money was to be used by the corporation in paying for the flour mentioned, and as testified by the petitioner, who says, "He [Coor] asked for money to pay for flour and feedstuff he got at a bargain"? It is certainly established that this loan was made by Col. Harding to the corporation, to be used for the special purpose detailed, and the corporation received the money. This being true, it would seem that, in executing the note indorsed by Col. Harding, E. J. Harding and Coor were acting as agents for the Harding-Coor Company. In such event, we think it well settled that parol evidence is admissible to bind the principal when the agent appears as principal. This has been held in the cases of Curtis v. Blair, 26 Miss. 322, 59 Am. Dec. 257; Steamship Co. v. Harbison (C. C.) 16 Fed. 691; Ford v. Williams, 21 How. 287, 16 L. Ed. 36; Manufacturing Co. v. Goddard, 14 How. 446, 14 L. Ed. 497.

In discussing the law of principal and agent it is stated in 31 Cyc. 1658:

"It is a well-settled rule of evidence that where a reading of a simple contract discloses that it is executed for or on behalf of a principal, or discloses an intention to bind such principal, or is so uncertain in its terms as to leave the whole matter in doubt whether the principal or the agent is to be bound, parol evidence is admissible to show that the principal is the real party in interest and is therefore liable on the contract. Indeed, the courts in a great majority of the jurisdictions go to the further extent of holding that parol evidence is admissible to change the principal on a simple contract wherein the agent appears as principal * * *" (citing authorities).

The court is of the opinion that the referee ruled correctly upon this question, and decree should enter accordingly.