Snyder *v.* Click.

Filed Nov. 16, 1887.

No. 12,946.

## SNYDER *v.* CLICK.

GUARANTY.—*Execution.*—*Delivery.*—*Estoppel.*—One who signs an instrument guaranteeing the performance of a contract by another, and leaves it in the custody of the latter, is estopped to deny that he authorized such person to deliver the instrument to the guarantee.

SAME.—*Notice of Acceptance.*—*When Not Necessary.*—Where the guaranty is direct and certain, and the thing guaranteed is definite in its amount and known to the guarantor, or ascertainable by the exercise of ordinary care at the time the guaranty is given, notice of acceptance is not necessary to bind the guarantor.

SAME.—*Performance of Consideration.*—Where the guarantee accepts the guaranty, and, acting upon the faith of it, performs the consideration upon which it rests, the contract is complete and enforceable.

SAME.—*Notice of Default.*—*Damages.*—*Matters of Defence.*—*Justice of Peace.*—*Burden of Proof.*—The failure to give the guarantor notice of default, and the resulting damages, are matters of defence; but if the action on the guaranty is brought before a justice of the peace, such matters may

be given in evidence without plea, the burden being on the defendant to sustain them by a preponderance of the evidence.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*H. C. Dodge,* for appellee.

Howk, J.—In this case, appellant Snyder was plaintiff and appellee Click and one John Chisnell were defendants in the court below. In his complaint, appellant alleged that, on the 3d day of February, 1881, he, by a written lease, a copy of which was therewith filed, demised and let to one William S. Delaney a certain mill at and for the rental of $187.50, payable each six months; that as a part of the consideration of such demise, and before and at the time of the execution of said lease, the defendants endorsed on said written lease, and executed their written guaranty, as follows: " We, the undersigned, guarantee the fulfilment of the within contract, January —, 1881;" that, by virtue of said written lease and such guaranty thereon, appellant delivered the possession of the demised premises to the lessee, Delaney, who held and occupied the same until he died in December, 1883, at which time the sum of $175 of rent was due, under and by virtue of the terms of said lease, and was yet unpaid. Wherefore, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee, and judgment was rendered accordingly. Appellant's motion for a new trial having been overruled, he has appealed from the judgment below to this court, and has here assigned, as error, the overruling of his motion for a new trial. In this motion, the only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

On the trial, the evidence offered by appellant was agreed to in writing by the parties, substantially as follows: " The written instrument, and guaranty thereon, sued upon in this

action, were written up as they now appear in the copy filed with the complaint, except that neither the lease nor the guaranty thereon was signed by any one. When so written up, Snyder gave it to Delaney to get a guaranty for the rent, and Delaney took it to defendants, Click and Chisnell, who executed the guaranty thereon as it now appears, and gave it to Delaney. Defendant Click did not read said lease before signing, and did not in fact know its contents; and said Click executed said guaranty in no other manner than by signing his name thereto and delivering it to said Delaney. Delaney took it to Snyder, who refused to receive it until he had investigated the responsibility of Click and Chisnell; but after so doing, and becoming satisfied with the responsibility of Click, Snyder received the same, and then he and Delaney signed said lease as it now appears, and said lease was delivered by Delaney to Snyder, and by virtue thereof said Snyder delivered the possession of the premises described in said lease to said Delaney ; and said Delaney continued in possession under said lease until some time during the fall of 1883, when he removed therefrom, leaving the sum of $169.77 rent due and unpaid. Said Click never authorized said Delaney or any other person to deliver said guaranty to said Snyder, other than as such authority to deliver might be inferred from signing the same and leaving it in the possession of Delaney. Said Aaron Click had no notice of the acceptance of said lease, or acceptance of defendants as guaranty for Delaney, nor of any default, until just prior to the commencement of this suit, when a demand for payment was made on him in the city of Elkhart, Indiana, by the attorney of plaintiff."

Appellee gave in evidence the facts elicited by appellant's answers to certain interrogatories, propounded to him by appellee, in substance as follows:

William Delaney did not, on the — day of October, or November or December, 1883, after the sum of money appellant demanded in this suit was due, offer him in money

$93.87 to apply upon said demand. William Delaney did not, at the time mentioned in the last sentence, or at any other time, offer to pay appellant any sum of money to apply upon the demand in suit, and appellant did not refuse any money offered him by William Delaney. During the month of October, 1883, Delaney called appellant into his house, and said that he would pay appellant for three months rent if the latter would give him a receipt in full of all demands against him. Appellant told Delaney he could not do that, and then Delaney said he would not pay any; he never offered to pay appellant anything to apply upon what was due him. Appellant demanded the money due him from Delaney some time in November, 1883, and he said he had no money for appellant; he sued Delaney, but the latter died before appellant could get judgment, and he had to dismiss his suit; he never tried to collect the amount in suit out of the estate of Delaney, because the latter never had any estate. Delaney lived just three months after the money sued for was due, and his estate was insolvent.

It is shown by a bill of exceptions, properly in the record, that the foregoing was all the evidence given in the cause. The question presented for our decision, and the only question, is this: Does the evidence sustain, or even tend to sustain, the finding of the trial court, on every material point? We are of opinion that this question must be answered in the negative.

Appellee's execution of the written guaranty was put in issue by his verified plea in denial thereof. The evidence in the record shows clearly and conclusively, to our minds, that the written contract of guaranty declared upon in this cause was duly executed by appellee and his co-defendant, Chisnell, and it does not appear that any evidence was offered or introduced by appellee in support of his verified plea herein. Certainly, the agreed facts given in evidence, that " defendant Click did not read the lease, and did not in fact know its contents, before signing " the guaranty in suit, did not

prove, nor tend to prove, that he did not execute such guaranty. Having signed his name to such guaranty at the request of Delaney, and entrusted him with the custody thereof, appellee can not be heard to claim that he never authorized Delaney to deliver such instrument to the appellant, Snyder.

But it is claimed on behalf of appellee that, although he had signed such written guaranty, and had, by his conduct, estopped himself from denying that he had authorized Delaney to deliver such instrument to appellant, and although the evidence showed that, pursuant to such authority, Delaney had in fact delivered such guaranty to appellant, yet such instrument never became a contract binding on the appellee, because the evidence failed to show that he had been notified by appellant of his acceptance of such guaranty.

This claim of appellee is vigorously urged here in argument by his counsel, and he cites some authorities which seem to support such claim. But, whatever may be the law elsewhere, it is firmly settled by our decisions that where, as here, the guaranty is direct and certain, and the thing guaranteed is definite in its amount and known to the guarantor, or might have been known to him, by the exercise of ordinary care, at the time the guaranty was given, notice of the acceptance of such guaranty need not have been given in order to render it binding on the guarantor. Appellee's contract was not a mere overture or proposition to guaranty; but it was what has been called a conclusive guaranty, and no notice of its acceptance was necessary. *Jackson* v. *Yandes,* 7 Blackf. 526.

Under the evidence in this cause appellee's guaranty was fully executed by the delivery thereof, by his authority, contemporaneously with the execution of the written contract of lease, upon which such guaranty was endorsed for " the fulfilment of the within contract," and notice to appellee of appellant's acceptance of such guaranty was wholly unnecessary.

It was further shown by the evidence that, upon the faith

of such guaranty, appellant had performed the consideration upon which the guaranty rested, by delivering the possession of the demised premises to the lessee, Delaney. "In such cases the acceptance of the guaranty, and the performance of the consideration upon which it rests, are all that are essential to make the contract complete and enforceable." So this court said (MITCHELL, J., delivering the opinion) in the recent case of *Furst & Bradley M'f'g Co.* v. *Black*, 111 Ind. 308. To the same effect, substantially, see, also, the following cases: *Taylor* v. *Taylor*, 64 Ind. 356; *Milroy* v. *Quinn*, 69 Ind. 406 (35 Am. R. 227); *Kline* v. *Raymond*, 70 Ind. 271; *Wills* v. *Ross*, 77 Ind. 1 (40 Am. R. 279); *Davis* v. *Wells*, 104 U. S. 159.

It is shown by the evidence that appellee had no notice of Delaney's default in the payment of rent until just prior to the commencement of this suit. If it be conceded that this was not such timely notice of Delaney's default as ought to have been given appellee, yet it is not shown by the evidence that any damages resulted to appellee from the failure to give him timely notice of such default. "The failure to give notice, and the resulting damages were, however, matters of defence." *Furst & Bradley M'f'g Co.* v. *Black, supra. Ward* v. *Wilson*, 100 Ind. 52 (50 Am. R. 763), and cases cited.

As the case in hand originated before a justice of the peace, it was not necessary that such matters of defence should be pleaded specially; but, under the statute, they might have been "given in evidence without plea." Section 1460, R. S. 1881.

The burden was on appellee, of course, to sustain these matters of defence by a fair preponderance of the evidence. There was no evidence given on the trial which tended, even remotely, to show that any damages did or could result to appellee from any failure to give him timely notice of Delaney's default in the payment of the rent of the demised premises.

Upon the whole case, we are of opinion that the finding

of the court below was not sustained by sufficient evidence, and that it was contrary to law, and that, for these causes, it was error to overrule appellant's motion for a new trial herein.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed Oct. 20, 1887; petition for a rehearing overruled Dec. 7, 1887.