## Marshall Field & Co. v. Charles W. Haish.

1. GUARANTY—*Mutual Assent of the Parties Required.*—A contract of guaranty can only be made by the mutual assent of the parties. If the contract is signed by the guarantor, at the request of the other party, if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is sufficient and the delivery of the guaranty to him, or to another, for his use, completes the contract.

2. SAME—*When Without Consideration.*—If a contract of guaranty is signed by the guarantor, without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is, in legal effect, an offer on the part of the guarantor, and needs an acceptance by the other party to complete it.

3. SAME—*Words Descriptio Personæ.*—In a guaranty of payment for goods sold on credit "to W. E. Hart, of Malta," the words "of Malta" are merely descriptive of the person, and the guaranty is not confined to goods sold to "Hart" while he continued to do business at Malta.

Assumpsit, on a contract of guaranty. Error to the Circuit Court of De Kalb County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed July 20, 1899. Rehearing denied October 5, 1899.

ROBERT W. WRIGHT, attorney for plaintiff in error.

JONES & ROGERS, attorneys for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

On January 25, 1892, Charles W. Haish signed and delivered to Marshall Field & Co. an instrument of that date, the body of which was as follows:

"For and in consideration of one dollar, to me in hand

paid, the receipt whereof is hereby acknowledged, and the further consideration that Marshall Field & Co. sell goods and merchandise upon credit to W. E. Hart of Malta, county of DeKalb, and State of Illinois, I do hereby guarantee to Marshall Field & Co., the payment at maturity (waiving notice of non-payment), and in accordance with the terms of sale, of the prices and values of all goods and merchandise so sold by them to the said W. E. Hart, from time to time, on and after the date hereof, until notice in writing signed by me, to said Marshall Field & Co., of the withdrawal of this guarantee; and I further agree to pay said Marshall Field & Co. all costs, expenses and reasonable attorney's fees paid or incurred by them in endeavoring to obtain payment for such goods and merchandise from said W. E. Hart or myself, it being understood that my liability shall not, at any time, exceed $500."

Thereafter Marshall Field & Co. sold goods to W. E. Hart upon credit, in reliance upon said guaranty, but did not notify Haish his guaranty was accepted. At the time this instrument was executed Haish was a banker at Malta, in DeKalb county, and Hart was a merchant doing business a few doors from Haish's bank. Hart continued in business at Malta about two years, and then removed to La Salle, and still later to Mendota, and thereafter to Marseilles, all in La Salle county, next south of De Kalb county. Haish knew of Hart's removals. Between September 9, 1896, and November 18, 1896, Hart became in arrears to Marshall Field & Co., for merchandise sold to him after he removed to Marseilles, in the sum of $305.39. Under date of December 16, 1896, Marshall Field & Co. wrote Haish as follows:

" You gave us some time a guaranty for goods sold on credit to W. E. Hart, limited as to amount and without limit as to time. We have been selling him ever since with a satisfactory record until the present. He now owes us some bills overdue, which he does not pay, and it now seems our duty to send you a statement of his account, showing everything due and not due, so that you may be advised of the situation and possibly protect yourself, if necessary, from any loss. We do not know that anything is the matter except that he does not pay."

To this Haish on the same day replied as follows:

" Yours of December 16th at hand and noted. As regards

the W. E. Hart matter at Marseilles, would say that he is all O. K. as soon as he can make his collections. I will write him and punch him up, and I think that is all that you can do, but be sure and do that or send it to him for collection. I am sorry that he does not, in some way, keep up his payments. I hereby withdraw my guaranty on all future sales to W. E. Hart."

It is stipulated Marshall Field & Co. used due diligence to collect from Hart, but without success. Thereafter Marshall Field & Co. brought this suit against Haish upon said guaranty. The general issue only was pleaded. Jury was waived and there was a trial, and finding and judgment for defendant, from which plaintiff prosecutes this writ of error.

The rulings of the court below upon propositions of law held and refused show that the judgment for defendant was based upon the conclusions, first, that this was not an original undertaking, and was not binding upon Haish till he was notified within a reasonable time thereafter that plaintiff accepted him as guarantor, and not having been so notified he never became liable; and, second, that the guaranty did not bind Haish for sales to Hart after the latter left Malta. We are unable to concur in these conclusions.

First. The proof shows Marshall Field & Co. sent this instrument by mail to Haish, filled out, except as to the amount for which he would become responsible, and that Haish wrote in the amount and signed the instrument and returned it to Marshall Field & Co. by mail. We regard this as a request from Marshall Field & Co. to Haish to sign this instrument and become a guarantor of Hart to such an amount as he might choose to insert. By inserting the amount he chose, and signing and returning the instrument, the contract was completed, without any notice from Marshall Field & Co. that they accepted Haish as guarantor. If Haish had originated the proposition, then, in order to produce a meeting of the minds of the parties, it would have been necessary Marshall Field & Co. should notify Haish of their acceptance of the proposal. The rules governing such contracts are, we think, properly stated in Davis Sewing Machine Co. v. Richards, 115 U. S. 524, as follows:

" A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties.   If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him, or for his use, completes the contract.   But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is, in legal effect, an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract."

Second.   The terms of the contract of guaranty do not limit it to sales to Hart while he did business at Malta. The words therein, " W. E. Hart, of Malta," are merely descriptive of the person.   We can not import into the contract words which the parties could have inserted but did not choose to.   Haish knew of Hart's removal from Malta, and had power to terminate the guaranty then or at any time by notice in writing.   He did so terminate it under date of December 16, 1896, and under the proofs before us we are of opinion his contract bound him till that notice was delivered.

The judgment is reversed and the cause remanded.