# UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* RIEFLER.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 11. Argued October 27, 1915.—Decided November 1, 1915.

An instrument agreeing to indemnify a bond company for giving an official bond, signed and sealed and delivered to the officer to be bonded with authority to deliver it to the bonding company, and which was so delivered and was relied upon by the bonding company in issuing its bond, *held,* in this case, to have been a completed contract on the delivery thereof to the bonding company which was not required to notify the parties thereto of its acceptance.

THE facts, which involve the liability of defendants on a bond of indemnity to a surety company, are stated in the opinion.

*Mr. A. F. Reichmann,* with whom *Mr. Noble B. Judah, Mr. Monroe L. Willard, Mr. Henry M. Wolf* and *Mr. Arthur M. Cox* were on the brief, for plaintiff in error:

The instrument sued on in this case is a bond of indemnity and not a contract of guaranty. There is a generic as well as a historic distinction between bonds of indemnity and contracts of guaranty. 14 Am. & Eng. Ency. 1127; 16 id. 168; 20 Cyc. 1397–1402; 22 id. 79, 80; *Vandiver* v. *Pollak,* 107 Alabama, 547.; 1 Brandt on Suretyship, 3d ed., § 5.

Bonds of indemnity are original and primary obligations not within the statute of frauds; while contracts of guaranty are secondary or collateral undertakings and are within the scope of the statute. Cases *supra* and De-Colyar on Guaranties, 1; *Hawes* v. *Murphy,* 191 Massachusetts, 469; *Spurrier* v. *Nottingham,* 7 Ky. Law Reps.

453; *Campbell* v. *Pucket*, 1 Posey Unrep. Cas. 465; *Hartley* v. *Sandford*, 66 N. J. Law, 40; *Hall* v. *Weaver*, 34 Fed. Rep. 104, 107; *McIntosh-Huntington Co.* v. *Reed*, 89 Fed. Rep. 464; *Horn* v. *Bray*, 51 Indiana, 555; *Anderson* v. *Spence*, 72 Indiana, 315; *Minick* v. *Huff*, 41 Nebraska, 516; *Fidelity Co.* v. *Lawlor*, 64 Minnesota, 144; *Boyer* v. *Soules*, 105 Michigan, 31; *Smith* v. *Delaney*, 64 Connecticut, 264; *Perley* v. *Spring*, 12 Massachusetts, 297; *Aldrich* v. *Amase*, 75 Massachusetts (9 Gray), 76; *Lucas* v. *Chamberlain*, 8 B. Mon. 276; *Jones* v. *Shorter*, 1 Georgia, 294; *Bonebright* v. *Pease*, 3 Michigan, 318; *Chapin* v. *Merrill*, 4 Wend. 657; *Jones* v. *Bacon*, 145 N. Y. 446; *Resseter* v. *Waterman*, 151 Illinois, 169; *Saint* v. *Wheeler*, 95 Alabama, 362; *Kearnes* v. *Montgomery*, 4 W. Va. 29.

A guarantee must ordinarily exhaust his remedies against the person primarily liable before resorting to his guarantor. But an indemnitee can hold his indemnitor without first seeking reimbursement from any third person. Pingrey on Suretyship, § 360; *Page* v. *White Machine Co.*, 34 S. W. Rep. (Tex.) 988; *Reigart* v. *White*, 52 Pa. St. 438; 20 Cyc. 1446, 1453; *Springfield* v. *Boyle*, 164 Massachusetts, 591; *Kempton* v. *Coffin*, 29 Massachusetts (12 Pick.), 129; *Conery* v. *Cannan*, 26 La. Ann. 123; 22 Cyc. 102; *Getty* v. *Schantz*, 100 Fed. Rep. 577; *Phenix Ins. Co.* v. *Louis. & Nash. R. R.*, 8 Fed. Rep. 142; *Osborne* v. *Smith*, 18 Fed. Rep. 126.

An indemnitee must have actually paid a judgment or given his own obligation to the creditor which has been accepted as payment before he can maintain an action upon the instrument of indemnity; while a guarantee may maintain an action against a guarantor to compel payment of the debt itself. *Central Trust Co.* v. *Louisville Trust Co.*, 100 Fed. Rep. 545; *Resseter* v. *Waterman*, 151 Illinois, 169, 177; *Barclay* v. *Gooch*, 2 Espinasse, 571; *Carter* v. *Adamson*, 21 Arkansas, 287; *Solany* v. *Webster*, 35 Florida,

363; *Hay* v. *Hansborough,* 1 Freem. Ch. 533; *Gregory* v. *Hartley,* 6 Nebraska, 356; *Aberdeen* v. *Blackmar,* 6 Hill, 324; *Hearn* v. *Landee,* 74 (11 Bush) Kentucky, 669; *Miller* v. *Fries,* 66 N. J. Law, 377; *Cochran* v. *Selling,* 36 Oregon, 333.

While a guarantor's undertaking is for the benefit of the creditor, the undertaking of a surety's indemnitor is not. The creditor cannot maintain any action upon it. *United States* v. *United Surety Co.,* 192 Fed. Rep. 992; *State* v. *St. L. & San Fran. Ry.,* 125 Missouri, 596; *Texas Mid. R. R.* v. *Miers,* 37 S. W. Rep. 640.

As a general rule an indemnitor is neither a guarantor nor a surety. He is a principal, although he is frequently referred to by the courts as a surety. *Wise* v. *Miller,* 45 Oh. St. 388; *Appleton* v. *Bascom,* 3 Metc. 169.

Historically, contracts of indemnity are creations of the common law, and are usually specialties (except the implied obligation created by law on the part of a principal to indemnify his surety when no express obligation has been given); while contracts of guaranty are commercial contracts having their origin in the rules of the law merchant and are usually simple contracts. *Courtis* v. *Dennis,* 7 Metc. 510; *Edmundston* v. *Drake,* 5 Pet. 624; *Lee* v. *Dick,* 10 Pet. 482; Daniels on Negotiable Inst., par. 1755; *Bell* v. *Bruen,* 1 How. 169; *Lawrence* v. *McCalmant,* 2 How. 426; *Smith* v. *Dann,* 6 Hill (N. Y.), 543; Note to *Lanusse* v. *Barker,* 3 Wheat. 148; *Kincheloe* v. *Holmes,* 7 B. Mon. (Ky.) 5.

Instruments of guaranty (unlike instruments of indemnity) are divided into two classes, (a) overtures or offers to guaranty (to which class belongs *Davis Sewing Machine Co.* v. *Richards*), and (b) absolute guaranties (to which class belongs *Davis* v. *Wells*). Pitman on Principal (1843), 28; DeColyer on Guaranty, 3; 14 Am. & Eng. Ency., 2d ed., 1145; 20 Cyc. 1404 and 1407; 25 Cent. Dig., § 9, and 9 Dec. Dig., par. 7.

The doctrine that notice of acceptance is necessary to bind a guarantor applies only to instruments which are overtures or offers to guaranty. *Russell* v. *Clarke,* 7 Cranch, 69; *Edmundston* v. *Drake,* 5 Pet. 624; *Douglass* v. *Reynolds,* 7 Pet. 113; *Lee* v. *Dick,* 10 Pet. 482; *Adams* v. *Jones,* 12 Pet. 207; *Reynolds* v. *Douglass,* 12 Pet. 504; *Davis Machine Co.* v. *Richards,* 115 U. S. 524; *Barnes Cycle Co.* v. *Reed,* 84 Fed. Rep. 601; *Steadman* v. *Guthrie,* 4 Metc. (Ky.) 146, at page 157; *Kincheloe* v. *Holmes,* 7 B. Mon. 5; *Oaks* v. *Weller,* 13 Vermont, 106; *Newman* v. *Streator Coal Co.,* 19 Ill. App. 594; *Ruffner* v. *Love,* 33 Ill. App. 601; *Neagle* v. *Sprague,* 63 Ill. App. 25.

The rule does not apply to instruments which are absolute guaranties. To this class belongs *Davis* v. *Wells,* 104 U. S. 159; *Wildes* v. *Savage,* 1 Story, 22; *Kent* v. *Silver,* 108 Fed. Rep. 365; *Dowd* v. *National Park Bank,* 54 Fed. Rep. 846; *Bond* v. *John V. Farwell,* 172 Fed. Rep. 58; *Cook* v. *Orne,* 37 Illinois, 186; *Newcomb Bros.* v. *Emerson,* 17 Ind. App. 482; *Sears* v. *Swift & Company,* 66 Ill. App. 496; *American Exchange National Bank* v. *Severns,* 121 Ill. App. 480; *Acorn Brass Co.* v. *Gilmore,* 142 Ill. App. 567; *Frost* v. *Standard Metal Co.,* 215 Illinois, 240; *Pressed Radiator Co.* v. *Hughes,* 155 Ill. App. 80; *Bryant* v. *Stout,* 44 N. E. Rep. 68; *Deering & Co.* v. *Mortell,* 110 N. W. Rep. 886; *Lane* v. *Mayer,* 44 N. E. Rep. 73; *Shows* v. *Steiner,* 57 So. Rep. 700; *Watkins Medical Co.* v. *Brand,* 143 Kentucky, 468; *People's Bank* v. *Stewart,* 152 Mo. App. 314; *J. L. Mott Iron Works* v. *Clark,* 69 S. E. Rep. 227; *Bank of California* v. *Union Packing Co.,* 111 Pac. Rep. 573; *Emerson Mfg. Co.* v. *Rustad,* 120 N. W. Rep. 1094; *Sheppard* v. *Daniel Miller Co.,* 68 S. E. Rep. 451; *Sheffield* v. *Whitfield,* 65 S. E. Rep. 807; *Booth* v. *Irving Bank,* 82 Atl. Rep. 652; *McConnon & Co.* v. *Laursen,* 135 N. W. Rep. 213; *Furst Mfg. Co.* v. *Black,* 111 Indiana, 308.

The doctrine of notice of acceptance is not applicable to

bonds of indemnity or to any form of instrument which is an original undertaking.

A bond of indemnity or other original undertaking when executed, delivered and acted upon becomes effective. *Haupt* v. *James*, 120 S. W. Rep. 541; *McIntosh* v. *Reed*, 89 Fed. Rep. 464; *Newcomb Bros. Co.* v. *Emerson*, 17 Ind. App. 482; *Wise* v. *Miller*, 45 Oh. St. 388; *Hall* v. *Weaver*, 34 Fed. Rep. 104; *Lane* v. *Mayer*, 44 N. E. Rep. 73; *Bruce* v. *Lambour*, 127 Louisiana, 969; *Haywood* v. *Townsend*, 38 N. Y. Supp. 517; *Singer Mfg. Co.* v. *Freerks*, 98 N. W. Rep. 705; *Lachman* v. *Block*, 15 So. Rep. 649; *Swope* v. *Forney*, 17 Indiana, 385; *Saint* v. *Wheeler*, 95 Alabama, 362; *Fidelity Life Ins. Co.* v. *Stegall*, 111 Pac. Rep. 389; *Wheeler* v. *Rohrer*, 52 N. E. Rep. 780; *Page* v. *White Machine Co.*, 34 S. W. Rep. 988; *White Machine Co.* v. *Powell*, 74 S. W. Rep. 746; *Engler* v. *Fire Ins. Co.*, 46 Maryland, 322; *Walker* v. *Brinkley*, 42 S. E. Rep. 333; *Klosterman* v. *Olcott*, 41 N. W. Rep. 250; *Fiala* v. *Ainsworth*, 88 N. W. Rep. 135; *Bank of U. S.* v. *Dandridge*, 12 Wheat. 64; *Bird* v. *Washburn*, 10 Pick. 223; *Boyd* v. *Agricultural Ins. Co.*, 76 Pac. Rep. 986.

It is not necessary that the indemnitors should receive any benefit as a consideration to render them liable. The liability incurred by the indemnitee and the harm and injury suffered by it constitute a valid and sufficient consideration for the bond of indemnity. *Chapin* v. *Merrill*, 4 Wend. 657; *Emerson* v. *Slater*, 22 How. 28, 43.

*Mr. Walter McC. Allen*, with whom *Mr. Albert Salzenstein* was on the brief, for defendants in error:

The instrument was a mere offer and not an absolute and complete obligation under the facts certified in the case. *Davis* v. *Wells*, 104 U. S. 159; *Davis* v. *Richards*, 115 U. S. 524; *Deering* v. *Mortell*, 16 L. R. A. (N. S.) 363; *Barnes Cycle Co.* v. *Reed*, 84 Fed. Rep. 603; *S. C.*, 91 Fed.

Rep. 481; 20 Harvard Law Rev. 486; *Lachman* v. *Block*, 47 La. Ann. 505.

The instrument is not a bond of indemnity. While it does not evidence a completed contract of any kind, yet as an instrument it is, as to the defendants who signed it—as distinguished from those who did not sign it—one of guaranty and not of indemnity. 16 Am. & Eng. Ency., p. 168; 22 Cyc., pp. 79, 80; 1 Am. & Eng. Ency., p. 1128; Pingrey on Suretyship, § 4; 20 Cyc., pp. 1397–1400; *Kearnes* v. *Montgomery*, 4 W. Va. 29; *Courtis* v. *Dennis*, 7 Metc. 518; *Hall* v. *Weaver*, 34 Fed. Rep. 106; Brandt on Suretyship, § 1; 15 Halsbury's Laws of Eng., p. 444.

Mutuality of assent is essential to every contract and requires the assent of a party to whom a proposal is made to be signified to the party making it, in order to make a binding contract. In this case there was no signification of assent or notice of acceptance. The instrument never became a binding obligation, regardless of the question as to whether it was in form an instrument of guaranty or of indemnity. *Davis* v. *Wells*, 104 U. S. 159; *Davis Machine Co.* v. *Richards*, 115 U. S. 524; *Lachman* v. *Block*, 15 So. Rep. 649; Louisiana Code, § 1797; *Deering* v. *Mortell*, 16 L. R. A. (N. S.) 353; *Bishop* v. *Eaton*, 161 Massachusetts, 496; Anson on Contracts, 15, 16; *Frost* v. *Standard Metal Co.*, 215 Illinois, 245; *S. C.*, 116 Ill. App. 642; *Ruffner* v. *Love*, 33 Ill. App. 601; *Newman* v. *Streator Coal Co.*, 19 Ill. App. 602; *Sears* v. *Swift*, 66 Ill. App. 496; *Myer* v. *Ruhstadt*, 66 Ill. App. 346; *Acme Mfg. Co.* v. *Reed*, 197 Pa. St. 359.

The fact that the instrument in suit was in the form of a bond under seal does not take it out of the general rule requiring notice of acceptance. *Davis* v. *Wells*, 104 U. S. 159; *Hall* v. *Weaver*, 34 Fed. Rep. 104; *Burke* v. *Delaney*, 153 U. S. 235; *Jordan* v. *Davis*, 108 Illinois, 336; *Philadelphia R. R.* v. *Howard*, 13 How. 334; *Rountree* v. *Smith*, 152 Illinois, 493; *Stanley* v. *White*, 160 Illinois, 605;

*Ware* v. *Allen*, 128 U. S. 597; *Pawling* v. *United States*, 4 Cranch, 219; 4 Wigmore on Evidence, §§ 2408, 2410, 2442; *Curry* v. *Colburn*, 99 Wisconsin, 319.

MR. JUSTICE HOLMES delivered the opinion of the court.

The facts certified are simple. One Dooling, being required to give an official bond, applied in Springfield, Illinois, to an agent of the plaintiff in error, a bonding company having its home office in Baltimore, Maryland, was informed that the Company would become his surety only on condition that he furnish indemnity, and was handed a printed form of indemnity bond. The defendants in error at Dooling's request signed and sealed this bond for the purposes therein expressed and authorized Dooling to deliver it to the Company through its Springfield agent, which Dooling did. The agent, who is not shown to have had authority to execute bonds, forwarded it for acceptance. The Company relying upon it became surety for Dooling. One of the recitals of the bond was that the Company "has become or is about to become surety, at the request of the said Frank E. Dooling, on a certain bond in the sum of Five Thousand Two Hundred Dollars, wherein Frank E. Dooling is principal, as Recorder of Springfield District Court No. 25, Court of Honor, located at Springfield, Illinois, a copy of which bond is hereto attached No. 52012-5, which bond is made a part hereof." The condition was that Dooling should keep the Company indemnified for all loss by reason of its suretyship. A copy of the Company's bond was not attached and at the date of the indemnity bond had not been executed. Dooling was not a party to the indemnity bond. The defendants in error received no pecuniary consideration for their act and were not notified of the acceptance of their bond or of the execution of the other by the Company. The questions propounded are:

"(1) Was the instrument which was signed by Riefler and Hall, and relied on by the Company, a completed contract of indemnity or guaranty? (2) Or was it merely an offer to become indemnitors or guarantors, requiring notice of acceptance by the Company in accordance with *Davis* v. *Wells,* 104 U. S. 159, and *Davis Sewing Machine Co.* v. *Richards,* 115 U. S. 524? (3) And, if in substance the instrument was merely an offer, does the fact that it was in the form of a bond under seal take it out of the rule of those authorities?"

If the bond in suit had been delivered directly to the Company and had been pronounced satisfactory there would have been no need to notify Riefler and Hall of the Company's subsequently executing the Dooling bond. Riefler and Hall assumed an obligation in present words to indemnify the Company against an exactly identified suretyship that the Company had gone or was about to go into, as they stated. The Company was about to go into it and went into it. If Riefler and Hall had made only a parol offer in the same terms, the Company by becoming surety would have furnished the consideration that would have converted the offer into a contract, but notice is held necessary in *Davis Sewing Machine Co.* v. *Richards.* If it had been a covenant the Company's act would have satisfied the condition upon which the covenant applied. *O'Brien* v. *Boland,* 166 Massachusetts, 481, 483. As it was a bond, the Company's entering into its undertaking in like manner furnished the subject-matter to which the obligation by its terms applied. In the case of either covenant or bond there was no need for notice that an event had happened that the defendants' contract contemplated as sure to happen, if it had not already come to pass.

The only ground for hesitation is that seemingly the bond in suit might have been rejected by the Company as unsatisfactory, and that therefore it may be argued

that Riefler and Hall were entitled to notice that it had been accepted. But we are of opinion that in the circumstances of this case it is reasonable to understand that they took the risk. They were chargeable with notice that by their act their bond had come to the hands of the Company. The bond on its face contemplated that the Company would accept it and act upon it at once, and disclosed the precise extent of the obligation assumed. It seems to us that when such a bond, carrying, as a specialty does, its complete obligation with the paper, is put by the obligors into the hands of the obligee and in fact is accepted by it, notice is not necessary that a condition subsequent to the delivery by which the obligee might have made it ineffectual has not been fulfilled. The contract is complete without the notice, *Butler & Baker's Case,* 3 Co. Rep. 25, 26b; *Xenos* v. *Wickham,* L. R. 2 H. L. 296; Pollock, Contracts, 8th ed., 7, 8, and we see no commercial reason why the principles ordinarily governing contracts under seal should not be applied. *Bird* v. *Washburn,* 10 Pick. 223. In *Davis* v. *Wells, supra,* the guaranty was an open continuing one up to $10,000, but it was under seal and was held binding, although additional reasons were advanced.

We answer the first question: Yes.

MR. JUSTICE MCKENNA dissents.