## ROYAL TAILORS v. NEWTON.

No. 4238. Decided September 17, 1925. (239 P. 949.)

1. GUARANTY—CONTRACT OF GUARANTY HELD BINDING ON GUARANTOR WITHOUT NOTICE OF ACCEPTANCE. Where plaintiff, before execution of letter of guaranty, agreed to accept defendant as guarantor for payment of goods to be sold to third person and prepared letter of guaranty, and delivered it to principal debtor, with statement that, if he procured defendant's signature, credit would be given to amount of guaranty, such letter, signed by defendant and sent to plaintiff, constituted contract made to and with plaintiff and was binding on defendant without notice of acceptance by seller.

2. GUARANTY—RIGHTS OF GUARANTOR, NOT KNOWING OF DEPOSIT OF STOCK BY DEBTOR WITH ONE TO WHOM GUARANTY WAS MADE, HELD NOT AFFECTED BY RETURN OF STOCK. Where guarantor of payment for goods did not know of deposit of corporate stock by purchaser of goods with seller, and such stock was not deposited as security for any indebtedness then or thereafter

Headnote 1.   28 C. J. p. 906.
Headnote 2.   28 C. J. p. 1008 (Anno.).

existing between seller and purchaser, fact that such stock was returned did not affect rights of guarantor when sued on contract of guaranty.

Appeal from District Court, Third District, Salt Lake County; *G. A. Iverson*, Judge.

Action by the Royal Tailors against C. W. Newton. Judgment for defendant, and plaintiff appeals.

REVERSED and REMANDED, with directions.

*Irvine, Skeen & Thurman*, of Salt Lake City, for appellant.

*Walter C. Hurd*, of Salt Lake City, for respondent.

GIDEON, C. J.

The appellant, plaintiff below, appeals from a judgment that "the Royal Tailors take nothing by its complaint herein against the defendant." The action is founded upon a writing, in form a letter, alleged to be a contract of guaranty executed by respondent, defendant below. It is admitted that the respondent signed the writing. It is addressed to the appellant and is as follows:

"Letter of Guaranty.

"To the Royal Tailors, Chicago, U. S. A.—Gentlemen: For and in consideration of the Royal Tailors, a corporation, extending credit to R. M. Gates & Co., of Salt Lake City, Utah, for goods, wares, and merchandise that may be sold and delivered to said R. M. Gates & Co., or order, I hereby guarantee the payment of all sums that may become due and payable from R. M. Gates & Co. to the Royal Tailors for goods, wares, and merchandise, and I further promise and agree to pay all such sums promptly on demand at or after the date of maturity. It is expressly understood and agreed that the total amount of my liability under the terms of this guaranty shall not exceed the sum of five thousand dollars ($5,000) remaining due and unpaid, at any time, on any and all accounts of said R. M. Gates & Co. for goods, wares, and merchandise purchased from the Royal Tailors.

"The said guarantor hereby expressly waives notice of any extension of time for the payment of any and all such accounts, or any

part thereof, and, in case of the taking of notes or other evidence of indebtedness, waives the protest of such notes or other evidence of indebtedness and the notice of such nonpayment.

"This guaranty may be revoked at any time by the guarantor, provided thirty days' previous written notice shall be given the Royal Tailors of the guarantor's intention to terminate the guaranty, but such notice of termination shall not in any wise affect the liability of the guarantor for the payment of the purchase price of all goods, wares and merchandise bought before the date of such termination.

"In witness whereof I have hereunto set my hand and seal this 26th day of January, 1921.

"C. W. Newton."

The record shows no disputed facts. At the close of appellant's testimony, respondent rested his case, without offering any proof. It appears that appellant is a corporation, with headquarters at Chicago, Ill., and is engaged in the manufacture of men's clothing. It has agents or representatives in the tailoring business in various cities. On orders furnished by its various agents goods are shipped to the representative and the price agreed upon charged to such representative or agent. The appellant is in no way directly connected with the purchasers or parties ordering the goods from the agent.

The undisputed facts as appear from the record and as found by the court, are that in the month of January, 1921, there was a meeting in the office of appellant company at Chicago. There were present at that meeting the secretary, the sales manager, and the credit manager of the appellant company; also R. M. Gates, who was then the Salt Lake representative of appellant. Discussion was had as to extending credit to R. M. Gates & Co., of Salt Lake City. It was explained to Mr. Gates that appellant could only do business with him on a C. O. D. basis unless he obtained a guaranty of the account. Inquiry was made of Mr. Gates as to whom he could give as guarantor. He replied that he could get C. W. Newton of Salt Lake City, the respondent. The credit rating of Mr. Newton was examined, and Mr. Gates was advised that respondent would be accepted as guarantor. Thereupon the blank form of guaranty used by the appellant was produced, and the name of R. M. Gates & Co. inserted. Mr. Gates was

told to take the guaranty to Salt Lake City, get Mr. Newton to sign it, and upon receipt of the guaranty by appellant, properly executed, R. M. Gates & Co. would have the privilege of an open account up to the amount of the guaranty, but that, until the guaranty was returned, merchandise, if needed, would be shipped C. O. D. Mr. Gates returned to Salt Lake City, and at a later date forwarded to appellant the letter of guaranty quoted above, signed by the respondent. No notice was given respondent by appellant of the acceptance of the guaranty, nor did any consideration pass from the guarantee to the guarantor for the execution of the writing. Credit was extended to R. M. Gates & Co. by the appellant by reason of the letter of guaranty. The account was not paid in full, and this action was brought to recover the balance.

There is no conflict in the authorities as to the principles or rules of law governing the rights and liabilities of guarantors. These principles are clearly stated in the annotator's note to the case of *Deering & Co.* v. *Mortell*, 16 L. R. A. (N. S.) at page 354, as follows:

"But guaranties are, nevertheless, capable of classification, and have fixed rules of interpreation. When the nature of the guaranty is determined, the rule seems to be well settled that, if the guaranty is direct, and the thing guaranteed definite in its amount, and known to the guarantor at the time he gives his guaranty, notice of acceptance need not be given; for the guarantor knew when he made the guaranty the full extent of his liability. But, when the guaranty is collateral, and the debt guaranteed yet to be created, the amount of which is uncertain and may be variable, and cannot be known to the guarantor at the time he makes the guaranty, notice to him within a reasonable time of the guarantee's acceptance of the guaranty is necessary or the guarantor will be discharged; for he cannot, without such notice, know that the guaranty is accepted, or protect himself from loss by the principal debtor. In short, the distinction running through all the modern cases is between a proposition or overture towards a guaranty, and the guaranty itself, when perfected by the assent of both parties; and interpretation is the crucial test by which the necessity or nonnecessity of notice of acceptance is determined.

"It should also be noted that the widely variant wording of those guaranties that have claimed the attention of the courts has necessarily weakened the force of the respective decisions as precedents when applied to subsequent cases, since it is obviously difficult to

construe the language used by a person at one time under certain given circumstances by a decision based upon the different language of another person, used at another time under different circumstances."

The apparent conflict in the authorities is not by reason of any refusal of the courts to accept those general principles as controlling in cases affecting the guarantor, but results from the application of these accepted principles to the various and particular facts in each casefl The decisive question here, as in practically all of the cases cited by counsed on either side, is: Was there an absolute guaranty or was there only an offer of guaranty? The reasons generally assigned by the courts why a mere offer of guaranty is not binding until accepted is that there is no·mutual assent; in other words, that there is in fact no meeting of minds. The argument that the letter in this instance was merely an offer of guaranty, and not a contract of guaranty, is bottomed on the claim that there was no mutual assent. The authorities cited in support of that argument are likewise based upon the conclusion of the courts that under the particular facts and circumstances of the case under consideration there had been no meeting of minds as to the terms of the contract. The learned trial judge took that view of the facts and circumstances surrounding this transaction.

It must be conceded that there are authorities that support him in that conclusion. The testimony, however, in our judgment, does not warrant that claim or conclusion. The appellant had, before the execution of the letter of guaranty, assented to accept the respondent as a guarantor. The appellant had prepared the contract, and necessarily it consented and agreed to the terms of such contract. After the preparation of the letter of guaranty or contract, it was by appellant delivered to the principal debtor, with the statement that, if he procured the signature of the respondent, credit would be given to R. M. Gates & Co. to the amount of the guaranty. It is a fair and reasonable deduction from the facts proven and the relationship of the parties, as shown by the record, and in fact the only reasonable deduction that can be made as the record now

stands, that respondent was advised at the time of the signing of the guaranty that its terms had been agreed to by appellant, and that it had been agreed to on the part of the appellant that he, the guarantor, would be acceptable to appellant, and that, if respondent executed the writing, credit would be extended to the debtor to the amount of the guaranty. The appellant is entitled to the benefits of that deduction until contrary facts are shown. The terms of the contract are definite, in the present tense, and it is therein stated that:

"I hereby guarantee the payment of all sums that may become due and payable from R. M. Gates & Co. to the Royal Tailors for goods," etc.

It is therefore not a collateral contract, but a contract made to and with the appellant. *Cowan* v. *Roberts,* 134 N. C. 415, 46 S. E. 979, 65 L. R. A. 729, 101 Am. St. Rep. 845. It cannot, by reason of the facts and circumstances of this transaction, as shown by the record before us, be contended that the guarantee did not request the guarantor to execute the guaranty. The testimony is that inquiry was made by the guarantee of the principal debtor as to who would be given as guarantor, and in reply that respondent could be obtained; it was stated on the part of appellant, in effect, to get Mr. Newton to sign the letter of guaranty and the credit would be given.

The facts in *Frost* v. *Standard Metal Co.,* 215 Ill. 240, 74 N. E. 139, are very similar to the facts in the instant case. The first headnote of that case, which reflects the opinion of the court, is:

"Where a guarantor knew when he signed the guaranty that he had been accepted as guarantor, and that credit would be extended upon the faith of the guaranty, notice that the guaranty had been accepted or that credit had been extended on the faith of it after its execution was unnecessary to render the creditor liable."

The following additional authorities support the conclusions reached: *United States Fidelity Co.* v. *Riefler,* 239 U. S. 17, 36 S. Ct. 12, 60 L. Ed. 121; *Davis* v. *Wells,* 104 U. S. 159, 26 L. Ed. 686; *J. R. Watkins Medical Co.* v. *Brand,* 143 Ky. 468, 136 S. W. 867, 33 L. R. A. (N. S.) 960; *Tilt-*

*Kenney Shoe Co.* v. *Haggarty*, 43 Tex. Civ. App. 335, 114
S. W. 386; *Hibernia B. & T. Co.* v. *Cancienne*, 140 La. 969,
74 So. 267, L. R. A. 1917D, 402; *Hartford-Ætna Nat. Bank*
v. *Anderson*, 92 Conn. 643, 103 A. 845; *Bond* v. *Farwell Co.*,
172 F. 58, 96 C. C. A. 546; *Pearsell Mfg. Co.* v. *Jeffreys*, 183
Mo. 386, 81 S. W. 901, 105 Am. St. Rep. 496; *Snyder* v. *Click*,
112 Ind. 293, 13 N. E. 581; *Marshall Field & Co.* v. *Haish*,
85 Ill. App. 164.

There is some testimony in the record respecting certain
corporate stock of a Utah corporation that the debtor, Gates,
deposited with appellant shortly after the signing of the let-
ter of guaranty. The stock was later returned to the debtor.
It is contended by respondent that the credit given to the
debtor was not by reason of the letter of credit, but was se-
cured by this corporate stock. The reason for depositing the
stock with appellant is explained in the testimony. It quite
clearly appears it was not deposited there in payment of or
as security for any indebtedness then or thereafter existing
between the appellant and the principal debtor. It
nowhere appears in the testimony that the respondent
know of the deposit of this stock with the appellant
at the time of the signing of the letter of guaranty, or at any
subsequent time. The respondent, therefore, was not in any
way induced to execute the letter of guaranty by reason of
the deposit of that stock with appellant, and the reasons
for its subsequent return are, in our judgment, wholly im-
material, as affecting the rights or the liabilities of re-
spondent.

The judgment of the district court is reversed, and the
cause remanded, with directions to grant appellant a new
trial. Appellant to recover costs.

CHERRY and STRAUP, JJ., concur.

FRICK, J. The letter of guaranty speaks for itself. But
one construction is permissible. In view of that, I think
judgment should be directed in favor of the appellant.

THURMAN, J., did not participate herein.