## DOWNER v. GOODWIN et al.

(Circuit Court of Appeals, Eighth Circuit. October 13, 1926.)

No. 6879.

1. **Principal and agent** ⟨⟩143(2)—**Contract made by agent within scope of authority in his own name inures to benefit of undisclosed principal.**

Where an agent, acting within his authority, enters into a simple contract in his own name with a third person for the benefit of his undisclosed principal, the contract inures to the benefit of the principal, who may sue in his own name for its breach or to enforce a legal duty growing out of it.

2. **Principal and agent** ⟨⟩66—**Agents held liable to principal for money received on contracts made for his benefits.**

Where defendants, as agents for plaintiff for sale of lands, made contracts of sale in their own names, and received a payment on each, which contracts were ratified and confirmed by plaintiffs, on forfeiture of cash payments by purchasers, the same belonged to plaintiff, and it was the duty of defendants to account for the same, though there was no provision to that effect in the contract of agency.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by George J. Downer against E. M. Goodwin and another. Judg-

ment for defendants, and plaintiff brings error. Reversed, with instructions.

See, also, 9 F.(2d) 918.

R. J. Higgins, of Kansas City, Kan. (Fred Robertson, of Kansas City, Kan., on the brief), for plaintiff in error.

William C. Lucas, of Kansas City, Mo. (John H. Lucas, of Kansas City, Mo., on the brief), for defendants in error.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This action was brought by George J. Downer, as plaintiff, against E. M. Goodwin and R. E. Harman, as defendants, to recover moneys in the hands of the defendants alleged to have been paid to them as the agents of the plaintiff. The petition contains eight separate causes of action. The allegations of the first cause of action, in substance, are these:

That plaintiff, owning and desiring to sell certain real estate situated in Hamilton county, Kan., by a contract in writing dated June 16, 1920, employed the defendants as his agents to make sale of said real estate; "that pursuant to said contract of employment as such agents, and upon or about October 1st, 1920, said defendants made sale to one Frank B. Kretchman" of a parcel of such real estate, to wit, the north half of section 26, township 22, range 40; that the sale of real estate so made was evidenced by a contract in writing entered into between the defendants and Kretchman; that such contract was entered into by defendants in their own names without naming or disclosing the plaintiff as their principal; that the agreed purchase price was $9,600; that under the terms of such contract Kretchman agreed to pay and did pay $1,000 thereof to defendants at the time of the execution of the contract as earnest money, and agreed to make a further cash payment on or before March 1, 1921, and to give notes secured by a mortgage on the land for the balance of the purchase price; that such contract further provided that Kretchman should be furnished with an abstract showing merchantable title to the premises in the plaintiff, approved by a competent attorney of the state of Kansas; that plaintiff adopted, ratified, and confirmed the contract entered into between defendants and Kretchman for the sale of said land; that in due time a duly approved abstract of title and a warranty deed were furnished by the plaintiff; that Kretchman failed and refused to perform the conditions of his contract of purchase, and made

default therein, and that under the terms of such contract plaintiff elected to forfeit the $1,000 paid as liquidated damages; that plaintiff made demand upon the defendants for the payment to him of said sum of $1,000; that the defendants refused to pay the same; and that defendants are indebted to plaintiff in the sum of $1,000, with interest.

The second, third, fourth, fifth, and sixth causes of action are the same as the first, except as to the names of the purchasers, amounts paid and the lands sold. The seventh and eighth causes of action are identical with the first, except as to the names of the purchasers, amounts paid, and the lands sold, and except that they allege, in addition, that the defendants fraudulently induced the purchasers not to carry out their contracts of purchase.

A demurrer was interposed to each cause of action of the petition. The trial court sustained the demurrers, and judgment was entered dismissing the petition.

The trial court held that the parties, at the time they entered into the contract of June 16, 1920, did not contemplate the contingency of the purchasers of such lands failing to carry out their contracts of purchase, and made no provision for the disposition, in such an event, of a part payment on the purchase price as between the plaintiff and the defendants, that there was no breach of the contract, and that plaintiff could not recover thereon.

The sole question presented is whether the petition stated good causes of action in the several counts thereof.

[1] It is well settled that where an agent, acting within his authority as such, enters into a simple contract in his own name with a third person for the benefit of his undisclosed principal, the contract inures to the benefit of the principal, and that such principal may appear, claim the benefits of such contract, and sue in his own name for a breach of the contract or of a legal duty growing out of the same. Ford v. Williams, 62 U. S. (21 How.) 287, 16 L. Ed. 36; Salmon Falls Mfg. Co. v. Goddard, 55 U. S. (14 How.) 446, 454, 14 L. Ed. 493; New Jersey Steam Navigation Co. v. Merchants' Bank of Boston, 47 U. S. (6 How.) 344, 378, 379, 380, 12 L. Ed. 465; Baldwin v. Bank of Newbury, 68 U. S. (1 Wall.) 234, 241, 17 L. Ed. 534; First National Bank v. Federal Reserve Bank (C. C. A. 8) 6 F.(2d) 339, 344; Moore v. Consolidated Products Co. (C. C. A. 8) 10 F.(2d) 319, 320, 321, 322; Block v. Mayor, etc., of City of Meridian, Mississippi (C. C. A. 5) 169 F. 516, 95 C. C. A. 14; Great Lakes Towing Co.

v. Mill Transportation Co. (C. C. A. 6) 155 F. 11, 83 C. C. A. 607, 22 L. R. A. (N. S.) 769; Exchange Bank v. Hubbard (C. C. A. 2) 62 F. 112, 116, 10 C. C. A. 295; 2 C. J. p. 873, § 555; 21 R. C. L. § 72, p. 897.

[2] Under the allegations of the petition, which, for the purposes of the demurrers, must be taken to be true, the contracts of sale were made by the defendants as the agents of the plaintiff. The plaintiff adopted, ratified and claimed the benefit of such contracts. The moneys collected by the defendants were part of the purchase price for the sale of plaintiff's lands and belonged to the plaintiff. It was the duty of the defendants, as agents, to account to the plaintiff, their principal, for moneys collected for and in his behalf. This would undoubtedly be true although there was no express provision in the contract of agency to that effect.

It is our opinion that the several counts of the petition each stated a good cause of action, and that the demurrers thereto were improperly sustained.

Whether the defendants can set up a set-off or counterclaim upon a quantum meruit for their services as such agents, under the peculiar facts of the case, is not here presented and is not decided.

The cause is reversed, with instructions to overrule the demurrers.