**BANKERS' & SHIPPERS' INS. CO. OF NEW YORK v. MURDOCK et al.**

No. 9843.

Circuit Court of Appeals, Eighth Circuit.

July 19, 1934.

W. F. Murrah, of Memphis, Tenn. (Fitzhugh, Murrah & Fitzhugh, of Memphis, Tenn., on the brief), for appellant.

L. V. Rhine, of Paragould, Ark. (Partlow & Rhine, and W. W. Bandy, all of Paragould, Ark., and Roane Waring, of Memphis, Tenn., on the brief), for appellees.

Before SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

The appellee A. C. Murdock brought suit against the appellant, alleging in his amended complaint that in 1927 he had authorized and directed M. F. Block, who was acting as an agent for several fire insurance companies in writing policies of insurance, to keep his property insured at all times in some reliable insurance company, leaving the selection of the insurers to Mr. Block; that pursuant to these directions, Mr. Block procured two fire insurance policies covering the plaintiff's cotton gin property from the Home Fire Insurance Company of Little Rock, Ark.; that Mr. Block became suspicious of the solvency of the Home Fire Insurance Company, and, desiring to protect the interests of Mr. Murdock, discussed the matter with appellant over the telephone, and made a contract with the appellant to pay to the holders of all policies written through the office of Mr. Block in the Home Insurance Company, all damages that might be suffered by reason of fire, and that the terms of this contract were verified by a telegram, which read as follows:

"New York, N. Y. 303 P Nov. 21, 1930.
"M. F. Block, Paragould, Arkansas.

"Confirming telephone conversation today we agree to protect the holders of the unexpired policies written through your office in Home Fire Insurance Company of Little Rock, Arkansas, against loss by fire or tornado occurring after noon November twenty-first nineteen hundred thirty not to exceed fifteen thousand dollars on any one risk and to pay only in case Home itself does not pay Stop This agreement to stay in effect for period of five days from date unless within that time a more specific arrangement is made Premiums charged to be pro rata for time covered.
"Bankers and Shippers Insurance Co.,
"L. R. Bowden, Vice President."

The complaint further alleged that the property insured was thereafter destroyed by fire, and that several days later Mr. Murdock was advised by Mr. Block of the contract with the appellant, and that he at once endeavored to procure payment of the loss from appellant. It was further alleged that the Home Fire Insurance Company was placed in receivership on November 25, 1930, and that it is in course of liquidation under such receivership. It was alleged that proofs of loss were furnished to the Home Fire Insurance Company, and that an adjustment of the loss had been made between Mr. Murdock and the receiver of the Home Fire Insurance Company, at the sum of $10,000. Certain mortgagees of the gin property were joined as plaintiffs because of their liens. After a demurrer to this complaint was overruled, the appellant filed an answer making a general denial and alleging that there was no acceptance by Mr. Murdock of the terms of the telegram; that no consideration was paid to the appellant by Mr. Murdock; that the contract was ultra vires of the appellant's corporate powers, and was within the statute of frauds. It was also pleaded that the Home Fire Insurance Company had reinsured a part of the risk, and that a recovery could be had against the reinsuring companies. At the trial evidence was produced and at its conclusion both sides united in requests that the court give a peremptory instruction as to the verdict. The court then directed the jury to return a verdict for the plaintiff in the sum of $10,000, with interest from the time of the institution of the suit. From the judgment entered upon this verdict, this appeal is prosecuted.

The appellant concedes that practically the same questions are presented because of the overruling of the appellant's demurrer to the complaint, as are presented by the objection made at the close of the trial to the sufficiency of the evidence to sustain the directed verdict.

The appellant contends that the telegram sent by the appellant was a mere proposal to guarantee the payment by the Home Fire Insurance Company of certain losses, and that it was not accepted by Mr. Murdock, nor was any notice given to appellant of his acceptance, and that the proposal was based upon no consideration. The telegram expresses an absolute and not a conditional guarantee (28 Corp. Jur. 895) of the payment of any loss caused by fire or tornado, occurring within five days after the noon of the day on which the telegram was sent, suffered by any holder of an unexpired policy in the Home Fire Insurance Company, if such policy was written through Mr. Block's office, and if the loss under any one risk did not exceed $15,000, and the appel-

lant agreed to pay such loss in case the Home Fire Insurance Company did not pay the loss. This guaranty was in the nature of a binding receipt, such as are commonly issued preliminary to formal contracts of insurance. 26 Corp. Jur. 48.

■ The evidence shows that Mr. Block, pursuant to his instructions from his principal, obtained this telegram from the appellant. While the telegram was addressed to Mr. Block, yet he was acting in the transaction for Mr. Murdock and for others whose insurance he had written in the Home Fire Insurance Company. The general rule is that if an agent enters into a simple contract in his own name 'with a third person, but in so doing he is acting within the scope of his authority as such agent and is acting for the benefit of his principal, the principal may bring an action upon the contract against the third party, whether or not the agent disclosed that he was acting for his principal. Ford v. Williams, 21 How. 287, 289, 16 L. Ed. 36; Oelricks v. Ford, 23 How. 49, 65, 16 L. Ed. 534; First National Bank v. Federal Reserve Bank (C. C. A.) 6 F.(2d) 339, 344; Downer v. Goodwin (C. C. A.) 15 F.(2d) 807; Queen Ins. Co. of America v. Citro (C. C. A.) 58 F.(2d) 107, 110; Moore v. Consolidated Products Co. (C. C. A.) 10 F.(2d) 319, 321; Buchanan v. Cleveland Linseed-Oil Co. (C. C. A.) 91 F. 88, 89; 2 Corp. Jur. 873, 895, 898, 899.

■ The consideration was expressed in the mutual promises recited, whereby the insured agreed to pay a pro rata premium for the time covered by the risk. Whether there was an acceptance of the policy by Mr. Murdock's agent was a question of fact for the trial court. There was evidence that the agent sought to obtain insurance from the appellant, such as was given by the binding receipt, that this receipt was retained without objection (although it was for only a few hours before the fire occurred), and that the premium called for by it was paid to appellant by the agent. These facts, in the absence of any countervailing circumstances, warranted the conclusion that there was an acceptance by the insured of the binding receipt. As the evidence shows that the guaranty was made at the request of Mr. Murdock, acting through his agent, it expressed the mutual assent of those parties to the contract, and notice to appellant of Mr. Murdock's acceptance was not necessary. Davis v. Wells, Fargo & Co., 104 U. S. 159, 167, 26 L. Ed. 686; United States Fidelity Co. v. Riefler, 239 U. S. 17, 25, 36

S. Ct. 12, 60 L. Ed. 121; Bond v. John V. Farwell Co. (C. C. A.) 172 F. 58, 61. It is a strong circumstance showing that this writing was not a mere proposal for future insurance, and that an acceptance was to be given by Mr. Murdock before it should become a completed contract, that by the terms of the telegram itself which was sent at 3:30 p. m. on the 21st day of November, 1930, the insurance was to be in effect from the noon of that day and not from a future date.

■ The appellant contends that the appellant was without authority, under its charter powers, to enter into a contract of guarantyship. The appellant's articles of incorporation were offered in evidence, and it appears therefrom that the company was formed for the purpose of making insurances on all kinds of buildings and other property against loss by fire and other hazards. The contract entered into by the appellant comes within the definition of an insurance (Physicians' Defense Co. v. Cooper [C. C. A.] 199 F. 576, 578, 47 L. R. A. [N. S.] 290), although the indemnity offered was against a liability as defined in the insurance contract of another company.

■ Appellant urges that the court erred in admitting secondary evidence of the contents of the policies issued to Mr. Murdock by the Home Fire Insurance Company. There was testimony tending to show a loss of these original policies, and the plaintiff below undertook to show their contents. The appellant does not urge that the originals were not shown to be lost. Mr. Block produced a copy of a form of policy, and testified that it was the standard form of the Home Fire Insurance Company, and that it was the form used. He also produced a copy of his written daily report showing a copy of the portions of the insurance policies which were inserted when the blanks were filled out. This testimony is undisputed, but the appellant claims that these portions cannot be correct copies of these parts of the policies because of a number 22–91761 found at the top, whereas the complaint had alleged that the policies were numbered 22–91406 and 22–91440. At the bottom of one of these policies is found the statement that it is "attached to and forming part of policy No. 22–91406," and on the other a similar statement is found that it is "attached to and forming a part of policy No. 22–91440," a fact that was evidently overlooked in making this assignment of error. There was no error in admitting

the secondary evidence of the terms of the policies.

The appellant also claims that this suit was prematurely brought because of the appellant's agreement to pay the loss, only if the Home Fire Insurance Company did not pay it, and that the evidence shows that something may be realized from the liquidation of that company, which would be applicable upon the loss. The guaranty in this case was of payment of the loss if the Home Insurance Company did not pay it. It appears that the policies of that company provided for payment of the loss within sixty days after the receipt of proofs of loss, and that this suit was not brought until a later period. Under such a guaranty the appellant became liable at once when the Home Fire Insurance Company defaulted in the payment of its obligation, and the fact that the Home Fire Insurance Company had become insolvent did not require that the insured shall first exhaust its remedy against that company and its receiver, before bringing suit against the appellant. Johnson v. Charles D. Norton Co. (C. C. A.) 159 F. 361, 364; Miller v. Northern Brewery Co. (D. C.) 242 F. 164, 166; 28 Corp. Jur. 972. The various claims made by appellant have been examined, but are not deemed to show any reversible error. The judgment of the lower court will be affirmed.